Filed March 17, 1891.

------

No. 14,790.

PARKER ET AL. *v.* THE INDIANAPOLIS NATIONAL BANK.

APPELLATE COURT.—*Jurisdiction.*—*Application to Set Aside Judgment.*—An application to be relieved from a judgment by default, rendered in an action on a note where the amount involved was less than one thousand dollars, is within the jurisdiction of the Appellate Court.

From the Madison Circuit Court.

*H. C. Ryan,* for appellants.

*M. S. Robinson, J. W. Lovett* and *S. M. Keltner,* for appellee.

COFFEY, J.—In this case a judgment was rendered in the Madison Circuit Court on the 18th day of January, 1887, in favor of the appellee and against the appellants, on a promissory note for the sum of three hundred and sixty dollars

and four cents and costs of suit. On the 29th day of December, 1888, the appellants commenced proceedings under the provisions of section 396, R. S. 1881, to be relieved from this judgment, on the ground that it was rendered against them on account of their excusable neglect.

The first question confronting us, in the consideration of the case, relates to the jurisdiction of this court over the questions presented by the record.

Section one of an act of the General Assembly of 1891, creating an Appellate Court, provides that said court shall " have exclusive jurisdiction of all appeals from the circuit, superior, and criminal courts, in cases of misdemeanor; cases originating before a justice of the peace, where the amount in controversy exceeds·fifty dollars exclusive of costs; all cases for the recovery of money only where the amount in controversy does not exceed one thousand dollars, and all cases for the recovery of specific personal property; actions between landlord and tenant for the recovery of the possession of the leased premises, and in all cases of appeals from orders allowing or disallowing claims against decedents' estates."

The original action in this case was upon a promissory note, for the recovery of money only, where the amount involved was less than one thousand dollars. Should we entertain jurisdiction of this cause, and order the judgment of the circuit court set aside, such order would result in another trial of the cause from which an appeal could not be taken to this court. We would thus have this court taking jurisdiction of one branch of the case and the Appellate Court taking jurisdiction of another branch. Such a construction of the statute would lead to endless confusion.

We think that where the Appellate Court has jurisdiction of the main action it should be held to have jurisdiction of all the incidents attaching to the action. An application to set aside a judgment under the provisions of section 396, *supra,* is, we think, a mere incident of the main action look-

ing. to the ultimate determination of the right of the parties therein. In such case the court having jurisdiction, on appeal, of the principal case has jurisdiction over the application to set aside a judgment rendered in the cause, where the application therefor is based upon the provisions of the statute providing for vacating judgments on account of excusable neglect. We are of the opinion that we have no jurisdiction in this cause, and that it should be certified to the Appellate Court.

It is so ordered.

Filed March 14, 1891.