No. 15,246.

THE EVANSVILLE AND RICHMOND RAILROAD COMPANY
*v.* SWIFT.

RAILROAD.—*Appropriation of Land for Right of Way.*—*Measure of Damages.*—*Evidence.*—In a proceeding by a railroad company to appropriate land for its right of way, it is proper to prove the value of the land without the road across it, and its value when divided by the road into parcels, and it is proper for the jury to consider such evidence in assessing the damages.

SAME.—*Appropriation Proceedings.*—*Jurisdiction.*—The principal object of proceedings to appropriate land for the right of way of a railroad is to appropriate and acquire a title to the land, and the assessment of damages is a mere incident to and arises out of the act of appropriation; and the Supreme Court has jurisdiction on appeal.

PRACTICE.—*Objection to Evidence.*—Where part of the answer of a witness is competent, though part is incompetent, it is not error to overrule a motion to strike out such answer.

From the Jackson Circuit Court.

*M. F. Dunn* and *G. G. Dunn,* for appellant.
*W. K. Marshall,* for appellee.

OLDS, C. J.—The appellant filed its instrument of appropriation with the clerk of the Jackson Circuit Court, and sought to condemn and appropriate, for its use, certain lands of the appellee. Appraisers were duly appointed to assess such damages as the appellee would sustain by reason of such appropriation. The appraisers made their award, and filed the same with the clerk of said court. The appellee, at the proper time, filed his exceptions, claiming the amount awarded to him was insufficient. The cause was tried by the court, without the intervention of a jury, who assessed the appellee's damages at $640. The appraisers assessed his damages at $200.

The appellant filed a motion for a new trial, which was overruled by the court, and exceptions reserved.

Judgment for appellee for $640, from which this appeal is prosecuted.

The alleged errors complained of and discussed relate to the rulings of the court on the introduction of evidence.

Charles Leminger, a witness for appellee, was asked to "state how much the Swift land was worth per acre before the road ran through it." The appellant, at the time, objected, for the reason "that it was not the proper way to prove the market value of the land, no proper basis having been laid, and as calling for a mere opinion." The court overruled the objection, and the appellant excepted.

' The witness answered that "it was worth two hundred and fifty dollars per acre before the road was made, and now the little piece is worthless and the large piece is worth two hundred dollars per acre."

As we interpret the objection stated to the question, if it presents any objection which can be considered, it is that the question was not competent, for the reason that it is incompetent to prove the value of the land before the road ran through it, for the purpose of determining the amount of damage, and for the further reason that it called for a mere opinion of the witness. The statement that "no proper basis having been laid" can have no definite application, unless it is intended as an objection on account of the witness not having shown any qualification to speak as to its value, and we do not think it can be interpreted as an objection on that ground. If it can be so interpreted, it is not well taken, as the witness had shown some knowledge of the value of lands in the vicinity and an acquaintance with the particular land in question. The phase of the objection relating to its not being a proper method of proving damages has been settled by this court adversely to the theory of the appellant, as it has been held that it is proper to prove by competent witnesses the value of the land without the road across it, and the value with it divided by the road into parcels, and that it is proper for the jury to consider such evidence in assessing the damages. *Indianapolis,*

*etc., R. R. Co.* v. *Pugh,* 85 Ind. 279 ; *Indiana, etc., R. W. Co.* v. *Allen,* 100 Ind. 409.

The same question is presented as to the ruling of the court on objections to questions propounded to several witnesses. The witness, Mitchell, stated, in answer to a question, that " the little piece of land is worthless now," and added : " I will not give twenty-five dollars per acre for it ; the large piece is worth $200 per acre." The appellant moved to strike out the answer. Some part of the answer was competent, and it was not error to overrule the motion as made.

We have examined all the questions presented. They, are similar to those already stated.

There is no error in the record for which the judgment should be reversed.

The appeal in this case presents a question of jurisdiction,— as to whether or not, under the Appellate Court Act, approved February 28, 1891, this court or the Appellate Court has jurisdiction on appeal of this class of cases.

The proceedings in this case were instituted for the purpose of condemning and appraising the lands of the appellee to the uses and purposes of the appellant, a railroad company, and the damages are assessable as a mere incident, and arise out of the act of taking the land by the company. Before the passage of the act referred to, by the Constitution and laws of the State the Supreme Court had exclusive jurisdiction in all cases in which an appeal would lie from the circuit court. The Appellate Court is a creature of the statute under the Constitution, and derives such jurisdiction only as is given to it by the act creating it. By that act jurisdiction is taken from this court in certain classes of cases and given to the Appellate Court. The act does not take or attempt to take from the Supreme Court, or to confer on the Appellate Court, jurisdiction in any cases relating to real estate, except in " actions between landlord and tenant for the recovery of the possession of the leased premises," and by this provision of the act it can not be contended that jurisdiction

in cases of the character of the one at bar was taken, or attempted to be taken, from the Supreme Court and given to the Appellate Court. The only other language used in the section of the statute relating to jurisdiction that could have any bearing upon the question is the words, "All cases for the recovery of money only where the amount in controversy does not exceed one thousand dollars." The amount recovered by the appellee in this case did not exceed one thousand dollars; but is the action for money only? Certainly not. It is by virtue of the proceedings that the company acquires the title to and the right of way so taken and appropriated, and the damages assessed are such as the owner sustains by reason of such appropriations. Sections 3906 and 3907, R. S. 1881.

It is by virtue of the proceedings that the railroad company acquires title, and the gist of the action is to acquire title, and the damages arise by reason of the title passing from the original owner to the railroad company. In such proceedings the owner of the land has a right to question the legality of the proceedings to appropriate. If illegal the company could acquire no title, and in so far as the question of title is involved the Appellate Court could have no jurisdiction. The Supreme Court having jurisdiction in so far as the proceedings involved the right to take the real estate, it likewise takes jurisdiction of the whole case, for, as stated in the case of *Ex parte Sweeney*, 126 Ind. 583, "It is an ancient rule, illustrated by many cases, that if a court obtains jurisdiction for one purpose it will retain it for all purposes."

In the case of *Parker* v. *Indianapolis Nat'l Bank*, 126 Ind. 595, it was held that the Appellate Court had jurisdiction of an application to set aside a judgment, rendered upon default, for less than $1,000. The original judgment being rendered in a case in which the Appellate Court had jurisdiction, it retained it for all purposes, even to the extent of drawing to it jurisdiction in an application under a provision of the statute to set aside the judgment.

This being a proceeding to appropriate real estate for the uses of the company, the principal object of the proceedings was to appropriate and acquire a title to the land, and the assessment of damages grows out of the appropriation, and the Supreme Court has jurisdiction on appeal.

The judgment is affirmed, with costs.

