Smith v. Downey et al.

No. 16,581.

SMITH v. DOWNEY ET AL.

APPELLATE COURT.—*Jurisdiction.*—*Action for Recovery of Specific Personal Property.*—*Equitable Defence.*—The Appellate Court has jurisdiction where an appeal is taken in an action for the recovery of specific personal property, although intermediate between the filing of the complaint and the rendition of the judgment defences of an equitable nature may be interposed.

From the Marion Superior Court.

*A. C. Harris,* for appellant.

. *A. C. Ayres* and *A. Q. Jones,* for appellees.

MILLER, J.—This is a motion to transfer this cause to the Appellate Court for final disposition.

The action was brought to recover the possession of a certificate of stock issued by the " Snow Storm Mining and Milling Company of Durango, Colorado."

The result of the litigation was the recovery by the appellees of the possession of the property in dispute.

The appellant was not, originally, a party to the action, but, upon her own petition, became a party defendant, and filed answers and a cross-complaint against the appellees, seeking to enforce a charge or lien upon the stock in controversy.

The action having been brought " for the recovery of specific personal property," the appeal is within the jurisdiction of the Appellate Court, unless it is taken out by the matters interposed by the appellant as a defence to the action.

Appeals in actions for the recovery of specific personal property being given, as a class, to the Appellate Court in broad and comprehensive terms, without the use of words of limitation such as are contained in the clause giving that court jurisdiction in actions " for the recovery of money only," carries to that court jurisdiction, although, intermediate between the filing of the complaint and the rendition of

the judgment, defences of an equitable nature may be interposed. *Ex parte Sweeney,* 126 Ind. 583.

Ordinarily it is the nature of the action brought, not of the defence interposed, that gives character to a case and determines the class to which it belongs. When its character is once fixed, other matters go with it as incidents, so as to avoid the splitting of cases. Elliott's Appellate Procedure, section 48.

The statute does not withhold from the Appellate Court the determination of the rights of parties according to equitable principles, where the same is merely incidental to cases within its jurisdiction. *Parker* v. *Indianapolis Nat'l Bank,* 126 Ind. 595 ; *Baker* v. *Groves,* 126 Ind. 593.

We are of the opinion that the jurisdiction of this appeal is in the Appellate Court, and the clerk of this court is, therefore, ordered and directed to transfer this cause to that court for final determination.

Filed June 9, 1892.