Filed April 24, 1895.

————————————◆————————————

No. 17,047.

Indiana Natural Gas and Oil Co. *v.* Wooters.

APPELLATE COURT.—*Jurisdiction.*—*Appeal From Appraisers' Award.*—*Money Demand.*—The gist of an action in an appeal from an award of appraisers for land appropriated for natural gas mains, in accordance with section 5105, R. S. 1894, was to recover a judgment for money only, and the jurisdiction of such case, on appeal, where the amount demanded does not exceed $3,500, is in the Appellate Court.

From the Tipton Circuit Court.

*M. Winfield*, *G. C. Taber* and *J. E. Moore*, for appellant.

*J. C. Blacklidge*, *C. C. Shirley* and *B. C. Moon*, for appellee.

JORDAN, J.—The appellant, a corporation engaged in mining natural gas and petroleum oils, and in piping the same for fuel and illuminating purposes, filed its instrument of appropriation in the office of the clerk of the Howard Circuit Court, under and in pursuance of section 3 of an act of the General Assembly of 1889 (Acts

1889, p. 22, the same being section 5105, R. S. 1894), its purpose, in so doing, being to acquire an easement in certain lands of appellee, in order to dig trenches and lay its gas mains therein. Appraisers, as provided by said section, were appointed by the Howard Circuit Court' to appraise the damages that appellee would sustain by the appropriation of this right in and to his real estate. These appraisers filed their report with the clerk of the court, whereby they awarded to appellee, as his damages, the sum of $13.25. Appellee, being aggrieved by this award, appealed therefrom to the circuit court, wherein he claimed a recovery of damages to the amount of $1,300. Upon motion the action was venued to the Tipton Circuit Court, wherein, upon a trial before a jury, a verdict was returned, assessing the damages at $350, upon which, over a motion for a new trial, a judgment was rendered, from which appellant prosecutes this appeal. The only questions presented by the record and by the briefs of the parties are those arising out of the assessment of the damages. Neither the title to the real estate nor the constitutional validity of the statute is in any manner called in question or assailed. At the very threshold of the consideration of the merits involved in this cause, we are confronted with the question of jurisdiction.

The question thus presented for our determination, under the facts in this cause, is this: In which court, this or the appellate, lies the jurisdiction of this appeal? By clause third, of section one, of the amendatory act of 1893 (Acts 1893, p. 29), pertaining to the jurisdiction of the latter court, it is provided that it shall have jurisdiction in all actions seeking a recovery of a money judgment only, wherein the amount in controversy, exclusive of cost, does not exceed thirty-five hundred dollars.

It appears in this cause that appellee prosecuted his

appeal to the circuit court and invoked the jurisdiction thereof for the sole purpose of obtaining a judgment for the recovery of money only, to compensate him for the appropriation by the appellant of the easement in the lands described.

By the provisions of section 5105, *supra*, the Legislature has granted authority to companies, like appellant, to enter upon real estate for the purpose of surveying its pipe lines; and it is further provided therein, that the corporation may acquire an easement in the realty for its trenches and pipe line, and that such right and interest in the lands shall belong to the corporation or company, for the purpose specified, by making or tendering payment as thereinafter provided. Where the company and land owner are unable to agree upon the sale, or price of the easement desired, the statute interposes and operates against the latter to enforce a sale of the right or easement in question, and provides a procedure for fixing the purchase-price or the amount of damages sustained by the owner by reason of the appropriation by the means of an appraisement. If the owner is aggrieved by the inadequacy of the sum awarded him in the first instance, he need not accept the same when it is paid or tendered, but may prosecute an action by appeal to the circuit court and seek to recover therein a larger amount.

In proceedings of the character like these in the case at bar, where the steps required by the statute have been properly taken and the money awarded by the appraisers has been paid into court for the owner, the easement becomes the property of the corporation or company, subject to an appeal to the circuit court. The gist of the action on appeal, in that event, is not to acquire title, but to recover, upon the part of the owner, full compensation, in money, for the damages accruing to him by

reason of the appropriation. Under the facts in this case we are, therefore, constrained to hold that those proceedings, on appeal in the court below, were in the nature of an action to recover a judgment for money only, within the meaning of clause third, of section one, of the act of 1893, and as the amount in controversy does not exceed thirty-five hundred dollars, and the action not being subject to any of the exceptions of that act, the jurisdiction of this appeal is in the appellate court. *Courtney* v. *Courtney,* 129 Ind. 272; *Benson, Admr.,* v. *Christian,* 129 Ind. 535.

The case of *Evansville, etc., R. R. Co.* v. *Swift,* 128 Ind. 34, so far as the same is in conflict with this opinion, is overruled.

It is therefore ordered that this cause, together with those numbered 17,045, 17,046 and 17,117, be transferred to the docket of the Appellate Court.

Filed May 2, 1895.