Filed May 14, 1895.

———————•———————

No. 17,415.

LOCKHART ET AL. *v.* SCHLOTTERBACK.

APPELLATE COURT.—*Jurisdiction.*—*Matters Incidental.*—Where the Appellate Court has exclusive jurisdiction of the main cause, that will carry with it into that court all matters merely incidental to the main cause.

SAME.—*Jurisdiction.*—*Action and Judgment.*—*Attorney's Lien.*—*Incidental Matter.*—A prayer for the continuance of an attorney's lien, in an action on a judgment, is merely incidental to such action.

From the Noble Circuit Court.

*H. G. Zimmerman,* for appellants.

*P. V. Hoffman,* for appellee.

McCABE, C. J.—The appellants sued the appellee on a judgment. The issues formed upon the complaint were tried by a jury resulting in a verdict for the plaintiff for $1,442.95. The circuit court sustained a motion in arrest of judgment from which appellant prosecutes this

appeal. The demand in the complaint at most did not exceed the amount of the verdict.

The jurisdiction of this appeal would therefore be in the Appellate Court. But counsel seem to have supposed that because in addition to the prayer for judgment at the conclusion of the complaint there is a prayer for a decree continuing the lien of said attorney's fee, such prayer carried the whole case on appeal into this court. The complaint showed that in the judgment sued on, the plaintiff's attorney therein one Isaac E. Knisely, Esq., had entered in writing on the record of said judgment his intention to hold a lien thereon for $30 for his services in obtaining said judgment. Said Knisely was not a party to the suit on the judgment and was not in court asking for anything. But treating the complaint as sufficient to warrant the relief asked, continuing the attorney's lien into and upon the new judgment, upon which we intimate no opinion, it was a mere incident, at most, to the main relief sought in the recovery of a new judgment on the old one. Where the Appellate Court has exclusive jurisdiction of the main cause, that will carry with it into that court all matters incidental merely to the main cause. *Branson* v. *Studabaker*, 133 Ind. 147; *Smith* v. *Downey*, 132 Ind. 83. The continuance of the lien in this case was a mere incident to the rendition of the new judgment upon the old, dependent entirely upon the granting of the main relief. It is true the Appellate Court has jurisdiction in all cases for the foreclosure or enforcement of liens of purely statutory origin where the amount in controversy does not exceed $3,500. Burns R. S. 1894, section 1337, Acts 1893, p. 356. But here the attempt was not to foreclose or enforce a statutory lien. It is true the attorney's lien taken on the old judgment was a statutory lien. But to carry it into and upon the new judgment

to be rendered upon the old, is not a proceeding authorized by statute, but if done at all must be done by invoking the equity powers of the trial court. And if that was the main relief sought in the complaint in this case the jurisdiction of the appeal would be in this court. But as we have already seen it was a mere incident to the main relief sought, and could not be granted unless the main relief was granted. We, therefore, hold that the jurisdiction of this appeal is in the Appellate Court. Therefore the cause is transferred to the Appellate Court.

Filed May 16, 1895.