## FERDINAND RAILWAY COMPANY *v.* BRETZ.

[No. 7,249.   Filed May 18, 1911.]

1.   APPEAL.—*Briefs.—Errors Relied upon.—Waiver.*—Where appellant's brief under the heading, "Errors Relied on for Reversal," sets out only the ruling on its motion for a new trial, other assignments are waived.   p. 643.

2.   RAILROADS.— *Condemnation.* — *Embankments.* — *Overflows.* -- *Damages.—Evidence.*—Evidence that defendant's land was appropriated for a railroad right of way, that an embankment was constructed for the track, that the remainder of his land was subject to overflow, and that the embankment would cause the overflow to remain on the land for several days, sustains a ver-

dict for damages; and the judgment will not be considered excessive, where there was some evidence supporting the verdict. p. 644.

3. EMINENT DOMAIN.—*Damages.*—All damages, present and prospective, naturally and ordinarily arising from the condemnation of a railroad right of way, should be assessed in such condemnation proceeding. p. 645.

4. EMINENT DOMAIN.—*Damages.—Speculative.—Floods.*—Speculative or possible future damages caused by the condemnation of a railroad right of way cannot be allowed; but prospective damages from high water and overflows are not speculative, where conditions are created making certain the happening of such events. p. 645.

From Dubois Circuit Court; *Thomas Duncan,* Special Judge.

Action by the Ferdinand Railway Company against William H. Bretz. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*C. M. C. Shanks* and *E. W. Armstrong,* for appellant.

*John E. McFall* and *Bomar Traylor,* for appellee.

LAIRY, P. J.—Appellant filed an instrument of appropriation with the clerk of the Dubois circuit court, to condemn a right of way for a railroad across the land of appellee. The court appointed appraisers, who filed an award, assessing damages to appellee in the sum of $185. Appellee filed exceptions to the award of the appraisers, the case was tried by the court without the intervention of a jury, and a finding made and judgment rendered in favor of appellee in the sum of $667.

The only error relied on for reversal and presented by appellant in its brief is the overruling of appellant's motion for a new trial. The assignment of errors contains other specifications, but as the brief does not state that any other error is relied on, except that presented by the ruling on the motion for a new trial, and as that is the only alleged error set out in the brief under the heading "Error Relied on for Reversal," that error will be considered and all others will be treated as waived.

Appellant presents three questions arising under the motion for a new trial, (1) that the finding of the court is not sustained by the evidence; (2) that the finding of the court is contrary to law, and (3) that the damages awarded are excessive.

The evidence is clearly sufficient to sustain the finding. It was undisputed at the trial that appellant had appropriated a right of way across the lands of appellee, had taken possession thereof, and had built an embankment about two feet in height for its roadbed. The evidence was conflicting as to the value of the land appropriated, but there was evidence that it was worth from $60 to $75 an acre. Appellee was, therefore, beyond all question, entitled to a finding in his favor for some amount. The question as to whether the damages awarded are excessive, depends upon the injury resulting to the remainder of appellee's land not appropriated. The evidence shows that the remainder of the tract, not appropriated, consisted of about one hundred acres of bottom land lying immediately south of the right of way and the embankment built thereon; that all of said tract drained to the north, and was subject to overflow from a creek in times of heavy rain fall; that the overflow consisted of headwater and not of backwater, and that before the embankment was built the water drained off the land within a day or two after such rain, but that, in the opinion of the witnesses, the embankment retarded the flow of the water toward the north and held it back on the land for eight or ten days after such rainfall. Appellant made no objection to the introduction of this evidence, but, on appeal, contends that the court should not have considered it in fixing the amount of damages to be awarded, for the reason that it tends to prove damages of a remote and speculative character dependent upon contingencies that may never arise.

The rule for the assessment of damages in condemnation proceedings is that all damages, which will naturally

3. and ordinarily result from or be incident to, the improvement to be made or the work to be constructed, should be awarded in such proceedings. The damages are assessed once for all, and should include prospective as well as present damages. *White* v. *Chicago, etc., R. Co.* (1890), 122 Ind. 317, 17 L. R. A. 257; *Chicago, etc., R. Co.* v. *Hunter* (1891), 128 Ind. 213.

4. It has been held that the prospective damages which may be allowed should not include damages which may arise in the future from the happening of some possible but uncertain event, such as the danger to which the owner of the residue of the land and the members of his family may be exposed in crossing the tracks located upon the right of way condemned, owing to the negligent operation of trains. *Indianapolis, etc., R. Co.* v. *Branson* (1909), 172 Ind. 383.

We recognize the principle in the case last cited, but hold that it has no application to the character of prospective damages which the evidence in this case tends to prove. There is nothing conjectural or contingent about the conditions shown. The embankment caused by the improvement of the right of way appropriated is shown to exist across the north side of appellee's land, and it is shown that the land of appellee not appropriated naturally drains in that direction and is subject to overflow. That there will be heavy rain falls in the future, as there has been in the past, cannot be held to be a subject for speculation or conjecture. An event which is sure to occur in the ordinary course of nature cannot be said to be uncertain, or to depend upon contingencies which may never happen. The evidence referred to was properly considered in arriving at the amount of damages to be awarded.

The judgment of the lower court is affirmed.