NORTHERN INDIANA PUBLIC SERVICE COMPANY *v.* DARLING ET AL.

[No. 18,931. Filed May 1, 1958.]

*Lawyer & Anderson, Lawyer, Friedrich, Petrie & Tweedle,* of Hammond, and *George E. Hershman,* of Crown Point, for appellant.

*Frederick C. Crumpacker,* of Valparaiso, for appellee.

PFAFF, J.—This is a condemnation proceeding brought by appellant for the appropriation of a right of way for gas pipe lines across real estate of appellees. The only contested issue at the trial below was the amount of damages to be awarded.

This court must take notice of its lack of jurisdiction whether or not such question is raised by the parties. *Catherwood* v. *McIntyre* (1934), 99 Ind. App. 220, 192 N. E. 109. If this court has no jurisdiction, its decision of the merits may be set aside by the Supreme Court. *State ex rel. Miller* v. *Appellate Court* (1942), 220 Ind. 538, 542, 45 N. E. 2d 206.

It was formerly held that jurisdiction in this type of case was in this court under the Acts of 1893, ch. 32, p. 29, whereby appeals were to be taken to this court in all actions seeking the recovery of a money judgment only and wherein the amount in controversy did not exceed a fixed amount. *Indiana Natural Gas and Oil Company* v. *Wooters* (1895), 141 Ind. 315, 40 N. E. 669, overruling *The Evansville and Richmond Railroad Company* v. *Swift* (1890), 128 Ind. 34, 27 N. E. 420; *Illinois, Indiana & Iowa Railway Company* v. *Rinehart et al.* (1896), 14 Ind. App. 587, 42 N. E. 1031.

However, in 1907, §4-214, Burns' Ind. Stat., was amended to provide that thereafter all appeals in appealable cases in certain classes shall be taken directly to the Supreme Court. One of these classes is "condemnation proceedings for the appropriation of lands for public use." §3-1701, Burns' 1946 Replacement, reads:

> "Any person, corporation or other body having the right to exercise the power of eminent domain for any public use, under any statute, existing or hereafter passed, and desiring to exercise such power, shall do so only in the manner provided in this act, . . . ."

Ewbank's Manual of Practice, Second Edition, ch. 5, §69a, p. 135, reads:

> "Appeals in condemnation proceedings for the appropriation of land to public use must be taken to the Supreme Court. These include appeals from interlocutory orders appointing appraisers in such proceedings, and from final judgments in such cases, either refusing to appoint appraisers and denying relief to the plaintiff or assessing benefits and damages. The Appellate Court decided such an appeal, after the statute now in force took effect, which had been appealed to that court before the statute was enacted (no question as to its authority having been raised), but the jurisdiction is exclusively in the Supreme Court."[1]

We conclude that this court has no jurisdiction of this appeal.

This appeal has been erroneously filed in the Appellate Court of Indiana. Under the authority of the Acts

---

1. A search of the digest reveals practically all these cases have gone to the Supreme Court since 1907. The following are exceptions where the lack of jurisdiction seems not to have been noticed: *Ferdinand R. Co.* v. *Bretz* (1911), 47 Ind. App. 642, 94 N. E. 1046; *Halstead* v. *Vandalia R. Co.* (1911), 48 Ind. App. 96, 95 N. E. 439; *Chicago, etc., R. Co.* v. *Hoffman* (1918), 67 Ind. App. 281, 119 N. E. 169; *Northern Ind. Pub. Service Co.* v. *Nielsen* (1952), 123 Ind. App. 199, 109 N. E. 2d 442.

of the General Assembly of 1901, ch. 247, §13, p. 565, being §4-217, Burns' 1946 Repl., and under Rule 2-41 of the Supreme Court, this appeal is now ordered transferred to the Supreme Court of Indiana.

Kelley, C. J., Royse, P. J., and Bowen, Cooper and Crumpacker, JJ., concur.

NOTE.—Reported in 149 N. E. 2d 702.