ROSS, INC. *v.* LEGLER ET AL.

[No. 19,952.  Filed March 28, 1963.]

*D. Bailey Merrill* and *J. William Kleindorfer*, both of Evansville, for appellant.

*Willaim P. Foreman, Joe S. Hatfield, John G. Bunner*, and *F. Wendell Lensing*, all of Evansville, for appellees.

## ON MOTION TO DISMISS OR AFFIRM

COOPER, C. J.—This matter is now before us on the motion and petition of appellees to dismiss or in the alternative to affirm and to transfer this appeal to the Supreme Court of Indiana.

It appears from the record now before us that this is an action brought by one of the appellees, namely, Evansville School Corporation, against the appellant, Ross, Inc., and other appellees herein for the condemnation of real estate for school purposes.

It affirmatively appears that the appellee's motion and petition are based entirely upon the theory that this cause was a condemnation proceeding for the

appropriation of land for public use, and that the Supreme Court of Indiana has exclusive jurisdiction of all appeals for condemnation proceedings.

In reviewing §4-214, Burns' Ind. Stat. Anno., the pertinent statute involved herein, we find the following pertinent provision:

> "Hereafter all appeals in appealable cases in the following classes shall be taken directly to the Supreme Court, viz.: . . .
> "Seventh. Condemnation proceedings for the appropriation of lands for public use. . . ."

In construing the foregoing statute, our court held, in substance, that prior to the 1907 amendment, jurisdiction of appeals in condemnation proceedings was in the Appellate Court; however, after the 1907 amendment, all appeals in condemnation proceedings for the apportionment of public lands for public use should be taken directly to the Supreme Court of Indiana. See *Northern Ind. Pub. Serv. Co.* v. *Darling et al.* (1958), 128 Ind. App. 456, 149 N. E. 2d 702.

By reason of what we have heretofore stated, we are of the opinion that this court has no jurisdiction of this appeal, except to transfer the same to the Supreme Court of Indiana, pursuant to §4-217, Burns' Ind. Stat. Anno., and Rule 2-41 of the Supreme Court.

This appeal is now ordered transferred to the Supreme Court of Indiana.

NOTE.—Reported in 188 N. E. 2d 920.