## STATE, EX REL. COLUMBUS STREET RAILWAY & LIGHT COMPANY, *v.* DEUPREE, JUDGE.

[Appellate Court No. 6,513.   Filed November 8, 1907.]

1. APPEAL.—*Appellate Court.*—*Transfer.*—*What Cases Subject to.* —Cases arising originally in the Appellate Court cannot be transferred to the Supreme Court under subdivision 2, §1337j Burns 1901, Acts 1901, p. 565, §10.   p. 280.

2. SAME.—*Interlocutory Orders.*—*Mandamus to Judge to Sign Bill of Exceptions.*—An order of the Appellate Court commanding a trial judge to settle and sign a bill of exceptions is interlocutory in character, and a petition to transfer such cause to the Supreme Court under subdivision 2, §1337j Burns 1901, Acts 1901, p. 565, §10, does not lie.   p. 280.

Original action, in the Appellate Court, by the State of Indiana, on the relation of the Columbus Street Railway & Light Company, against William E. Deupree, as judge of the Brown Circuit Court.   From an order of the Appellate Court (see 40 Ind. App. 492) commanding respondent to settle and sign a bill of exceptions, he petitions for a transfer of said action under subd. 2, §1337j Burns 1901, Acts 1901, p. 565, §10.   *Petition dismissed.*

*Hord & Cox,* for plaintiff.
*Clarence E. Custer* and *L. Ert Slack,* for respondent.

GILLETT, J.—This was a proceeding instituted in the Appellate Court by the State of Indiana, on the relation of the Columbus Street Railway & Light Company, to compel the Honorable William E. Deupree, as judge of the Brown Circuit Court, to sign a bill of exceptions in a cause pending on appeal in said court.   Such proceedings were had that a peremptory writ was issued from said court commanding

said judge to correct and sign the bill of exceptions. An opinion was rendered in said matter, and, after respondent's petition for a rehearing had been overruled, and within thirty days thereafter, he filed in this court his petition to transfer, under the second subdivision of §1337j Burns 1901, Acts 1901, p. 565, §10.

The section of the statute referred to provides that "the jurisdiction of the Appellate Court shall be final, except under the following conditions" (then follow three subdivisions under which this court may obtain jurisdiction). The second of said subdivisions, after providing for the filing of a petition to transfer, directs that, "upon the filing of such application, the clerk shall not certify to the lower court the opinion and judgment of said division of the Appellate Court, unless and until the Supreme Court denies the application." The language quoted shows, beyond a peradventure, that it was the legislative contemplation that this court should not assume jurisdiction over any cause which had not originated in a trial court, and it may also be laid down, on general principles governing appellate jurisdiction, that we are not authorized to transfer a cause which has not been finally disposed of by the Appellate Court. The order in question, especially in view of its relation to the principal cause, was merely interlocutory in its character, and was entered by said court in the exercise of its undoubted appellate jurisdiction to obtain a proper bill of exceptions in the principal cause. As expressed in *State, ex rel.,* v. *Todd* (1831), 4 Ohio 351, the issuing of the writ of mandate in cases of this character is an incident of the jurisdiction of supervising courts.

It is laid down in Powell, App. Proc., p. 253, that "when the court has exhausted its endeavors to have the bill of exceptions correctly returned, the court will still do what is in its power to obtain the ends of justice. If the court has been unable to obtain the bill duly signed, either because the judge absolutely refuses, or [because of] some accident

which has prevented it, the courts have usually endeavored to accomplish the object in some other way.'' It is evident that the jurisdiction of the Appellate Court in this matter is not at an end. The mere fact that an opinion has been rendered, as an expression of the views of the court, cannot change the character of the order. It is as much interlocutory as would be an order of *certiorari* directed to the clerk of the court below to certify a portion of the record which had been omitted. Besides, the principal cause is in the Appellate Court, and it must be permitted to retain jurisdiction thereof, together with all that pertains to it, to the end that it may properly dispose of the principal controversy.

The petition to transfer is dismissed.