STATE EX REL. MECHANICS & TRADERS INSURANCE COMPANY *v.* BUENTE, JUDGE.

[No. 15,642. (Appellate Court.) Filed October 5, 1936.]

*Craig & Craig,* for appellant.

*Charles M. LaFollette, William F. Little* and *Meyer, Fine & Bamberger,* for appellee.

FANSLER, J.—The relator began this action in the Ap-

pellate Court for the purpose of procuring an order mandating the respondent to restore to the records a motion for a new trial, which had been stricken therefrom, and rule on the motion. It was alleged in the petition that the relator desired to appeal from the judgment in the case below to the Appellate Court; that the court had jurisdiction of the appeal; and that the appeal could not be properly perfected without the restoration of the record referred to. An alternative writ issued. The respondent filed a return, after which the petition for the mandate was denied. See *State ex rel. Mechanics & Traders Insurance Co.* v. *Buente, Judge* (1936), 102 Ind. App. 563, 1 N. E. (2d) 454. The relator has filed a petition to transfer the cause to this court, and the respondent has moved to dismiss the petition to transfer for want of jurisdiction.

The jurisdiction of the Appellate Court is purely statutory, and we know of no statute vesting it with power to issue writs of prohibition or mandate in original actions or otherwise, except in aid of its appellate jurisdiction. §4-209, Burns' Ann. St. 1933, §1364, Baldwin's Ind. St. 1934. The record before us does not disclose whether an appeal in the principal case was pending at the time the petition was filed, but we assume from the opinion that no such appeal had been perfected. The pendency of an appeal is not necessary, however, to an exercise of jurisdiction in aid of an appeal, since appellate courts have power to compel the certification of records in order to make appeals possible in cases where they have jurisdiction. Whether the Appellate Court has jurisdiction to compel *nisi prius* courts to rule upon motions or to make records need not be considered, since the writ was refused and it made no such order and no effort was made to enjoin its action. We must assume that the petition was entertained by the Appellate Court upon the theory that the

relief sought was in aid of its appellate jurisdiction.

It was held by this court in *State ex rel. Columbus Street Railway & Light Co.* v. *Deupree, Judge* (1907), 169 Ind. 279, 281, 82 N. E. 452, 453, that a petition to transfer will not be considered in the case of an order of mandate made by the Appellate Court in aid of its appellate jurisdiction, and that in such a case the petition will be dismissed. It is said in the opinion that: "The mere fact that an opinion has been rendered, as an expression of the views of the court, cannot change the character of the order. It is as much interlocutory as would be an order of *certiorari* directed to the clerk of the court below to certify a portion of the record which had been omitted." In that case the principal appeal remained pending in the Appellate Court, and it was said that the jurisdiction of the Appellate Court was not at an end. But whether an appeal is pending is not controlling.

Relator contends that the decision in the case quoted from is based upon the theory that this court has no jurisdiction to transfer a cause from the Appellate Court that did not originate in a trial court; that such a rule places final jurisdiction of certain cases in the Appellate Court, contrary to the requirements of the Constitution. It is true that such a reason for the decision is given in the opinion, but it is also based upon the ground that the action of the Appellate Court was merely interlocutory in aid of its appellate jurisdiction, and not the final determination of the cause. This latter at least is a valid basis for the rule adopted. Where an appeal has been perfected, and the interlocutory jurisdiction of the Appellate Court invoked, a review of its action may be had upon petition to transfer the principal case. If the jurisdiction of the Appellate Court is invoked before an appeal is perfected, jurisdiction must be deemed to have been exercised contingent upon an

appeal being afterwards perfected. If an appeal is not perfected, the question would become moot.

Petition to transfer dismissed.