STATE EX REL. GILLETTE *v.* NIBLACK, JUDGE.

[No. 27,974.   Filed March 13, 1944.]

*Cornelius S. Weaver,* of Indianapolis, for relator.

FANSLER, C. J.—The relator shows by his petition that he was found guilty of a misdemeanor by the respondent court and sentenced to serve one hundred and eighty days at the Indiana State Farm and to pay a fine of $50. He prayed an appeal to the Criminal Court of Marion County and bond was fixed at $500, which he could not give. The respondent judge refused to sign and certify a transcript of the record tendered within the time provided for an appeal. He seeks an order mandating the respondent judge to sign and certify the transcript of the record.

Section 3-2201, Burns' 1933, § 1090, Baldwin's 1934, abolishes writs of mandate and substitutes therefor an action to be instituted by complaint and summons. It also provides that writs of mandate and prohibition may issue out of this court and the Appellate Court in aid of appellate jurisdiction. But this power is vested in all courts with appellate jurisdiction as a necessary incident to the exercise of such jurisdiction without aid of a statute. The same statute vests this court with jurisdiction to issue writs of mandate to circuit, superior, criminal, probate, juvenile, or municipal courts, to compel performance of any duty enjoined by law. The relator relies upon this latter provision.

Section 3-2202, Burns' 1933, § 1091, Baldwin's 1934, provides that the action for mandate provided for in the preceding section "may be prosecuted against any inferior tribunal . . . to compel the performance of any act which the law specifically enjoins . . . ."

Appeals may be taken from the Municipal Court of Marion County to the Criminal Court of Marion County.

The procedure is the same as that governing appeals from justices of the peace. The statute last referred to vests jurisdiction in the Criminal Court of Marion County, an appellate court under the circumstances here involved, to mandate any inferior tribunal, in this case the Municipal Court, to perform any act which the law enjoins in connection with an appeal to the Criminal Court, and such a mandate is within the jurisdiction of the Criminal Court as a necessary incident to its exercise of appellate jurisdiction without the aid of a statute.

While the statute first above referred to vests this court with original jurisdiction to issue writs of mandate to municipal courts, it does not vest jurisdiction to issue such writs against city courts or justices of the peace, which courts exercise the same criminal jurisdiction as the municipal courts in the smaller cities and rural communities. There may be cases in which this court may properly exercise jurisdiction to issue writs against municipal courts, but we are constrained to conclude that, since there seems to be no rational basis for a distinction between appeals in criminal cases from municipal courts and appeals of the same character from city courts and justices of the peace, it was not intended that we exercise jurisdiction in aid of such appeals. A contrary view of the statute may raise serious questions as to its constitutionality.

The Marion Criminal Court has ample power to protect its appellate jurisdiction. *State ex rel. Jacoby* v. *Cressinger* (1883), 88 Ind. 499.

Petition denied.

NOTE.—Reported in 53 N. E. (2d) 542.