414

**MIKE'S MFG. CO. v. ZIMZORIS.**

No. 586.

Municipal Court of Appeals for the
District of Columbia.

Argued April 20, 1949.

Decided May 17, 1949.

Ewing Laporte, Washington, D. C., for petitioner.

Walter J. Cahill, Washington, D. C., with whom John W. Cleaton, Washington, D. C., was on the brief, for respondent.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Petitioner was plaintiff below in an action on two promissory notes. Respondent was defendant in the action. On the return day respondent appeared in person and demanded trial. Thereafter, after notice to both parties, the case was called for trial on November 29, 1948. On that day respondent failed to appear. The notes were put in evidence and judgment ordered for petitioner. The judgment was entered on the docket on December 10. Thereafter the judgment was docketed in the United States District Court for the District of Columbia and thereby became a lien on the real estate of respondent.[1] When respondent later sold a piece of real estate the lien of the judgment was noted by the title company making settlement and sufficient money withheld from the proceeds of the sale to pay the judgment.

---

[1] Code 1940, Supp. VI, 11—755(c).

On March 11, 1949, respondent moved in the trial court to vacate the judgment on the grounds that (a) due to mistake and misunderstanding of court procedure he had failed to file his written answer, and (b) that he had a good and sufficient defense to the action. The basis of the first ground is not clear, for the action was a Class B action and respondent was not required to file a written answer unless he requested trial by jury. However, it is evident he sought to vacate the judgment on the ground it had been taken against him through his mistake, inadvertence, or excusable neglect. The trial court granted the motion, and ordered the judgment set aside and the case set for trial.

Petitioner has asked this Court to issue a writ of prohibition to the trial court on the ground that the trial court was without jurisdiction to vacate the judgment and that if the order of the trial court stands petitioner will be deprived of its judgment lien and suffer irreparable damage.

█ Our first question is whether the order setting aside the judgment was beyond the jurisdiction of the trial court. Rule 53(b) of the trial court, based on original Rule 60(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., authorizes the court on motion to relieve a party from a judgment, order, or proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect. However, the rule provides: "The motion shall be made within a reasonable time, but in no case exceeding 3 months after such judgment, order, or proceeding was taken." It seems plain to us that this rule authorizes the court to act only on motion and prohibits the making cf such a motion more than three months after the judgment is entered. In other words, the rule permits the motion to be made within three months after judgment is entered. Here the judgment was entered on December 10, 1948, and the motion filed on March 11, 1949. The three months within which the motion could be made expired on March 10. The motion was not filed within time. Cf. Ray v. City of Wichita, 138 Kan. 686, 27 P.2d 288; Paine Plumbing & Supply Co. v. McMurtray's Estate, 203 Miss. 334, 34 So.2d 676; Barnhart v. State Compensation Commissioner, 128 W.Va. 29, 35 S.E.2d 686; Freeman v. Pew, 61 App.D.C. 223, 59 F.2d 1037. We conclude that since the motion was not filed within the time limited by the court's rule the court was without jurisdiction to grant the relief sought.

█ It is urged that Rule 6(b) of the trial court, based upon original Rule 6(b) of the Federal Rules of Civil Procedure, authorized the court to extend the time for filing the motion even though the time fixed by Rule 53(b) had expired. But we think the terms of Rule 53(b) "but in no case exceeding 3 months," in the words of Judge Frank, "are so emphatic as to preclude the importation of an exception via Rule 6(b)." Wallace v. United States, 2 Cir., 142 F.2d 240, 244, certiorari denied, 323 U.S. 712, 65 S.Ct. 37, 89 L.Ed. 573.

█ The next question is the power of this Court to issue a writ of prohibition or any of the extraordinary writs. The Act creating the court does not expressly give such power, but we think this Court being expressly authorized to hear and determine appeals and to regulate all matters relating to such appeals, has implied or inherent power to issue extraordinary writs in aid of its appellate jurisdiction. People ex rel. Earle v. Circuit Court of Cook County, 169 Ill. 201, 48 N.E. 717; State ex rel. Gillette v. Niblack, 222 Ind. 290, 53 N.E.2d 542.

██ Since this Court has power to issue an extraordinary writ only in aid of its appellate jurisdiction, the next question is whether such writ may issue in this case when no appeal has been noted or is pending. We think the absence of an appeal does not prevent the writ issuing. The authority to issue a writ in aid of appellate jurisdiction "is not confined to the issuance of writs in aid of a jurisdiction already acquired by appeal but extends to those cases which are within its appellate jurisdiction although no appeal has been perfected." Roche v. Evaporated Milk Association, 319 U.S. 21, 25, 63 S.Ct. 938, 941, 87 L.Ed. 1185. See also United States v. United States District Court, 334 U.S. 258, 68 S.Ct. 1035, 92 L.Ed. 1351; McClellan v.

416

Carland, 217 U.S. 268, 30 S.Ct. 501, 54 L. Ed. 762; In re MacFarland, 30 App.D.C. 365:

■ Finally, the question is whether the writ should issue in this case. The petition sought a writ of prohibition but at oral argument petitioner stated that mandamus was probably the appropriate writ. We think the particular type of writ sought is immaterial. The relief should be appropriate to the case presented. "The traditional use of the writ [of mandamus] in aid of appellate jurisdiction both at common law and in the federal courts has been to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Roche v. Evaporated Milk Association, supra, 319 U.S. at page 26, 63 S. Ct. at page 941, 87 L.Ed. 1185. See also Ex parte Republic of Peru, 318 U.S. 578, 63 S.

Ct. 793, 87 L.Ed. 1014. Here, as we have seen, the petitioner got a judgment and obtained security for payment of the judgment through creation of a lien, and the trial court going beyond the limits of its jurisdiction has ordered that judgment vacated. If the order is not promptly and effectively rescinded petitioner may lose its security and suffer irreparable damage. We think the situation justifies a writ of mandamus requiring the trial court to vacate its order setting aside the judgment. Cf. Bereslavsky v. Caffey, 2 Cir., 161 F.2d 499, certiorari denied, Caffey v. Bereslavsky, 332 U.S. 770, 68 S.Ct. 82, 92 L.Ed. 355; Bereslavsky v. Kloeb, 6 Cir., 162 F.2d 862, certiorari denied, Kloeb v. Bereslavsky, 332 U.S. 816, 68 S.Ct. 156, 92 L.Ed. 393. We assume that, in view of this opinion, formal issuance of the writ will be unnecessary, and we direct that the writ issue only on further application by the petitioner.[2]

---

[2] In this respect we follow the language and procedure of Ex parte Republic of Peru, 318 U.S. 578, 590, 63 S.Ct. 793, 87 L.Ed. 1014.