STATE EX REL. GILKISON ET AL. *v.* CLIFFORD, JUDGE, ET AL.

[No. 18,000.   Filed January 20, 1950.   Rehearing dismissed January 25, 1950.   Transfer dismissed February 17, 1950.]

Crumpacker, J., not participating.

Martin, P. J., dissents.

*Gavit & Richardson,* of Gary, and *C. Ballard Harrison,* of Hammond, for relators.

*Edward J. Ryan,* of Valparaiso, and *Owen W. Crumpacker,* of Hammond, for respondents.

*Ben Schwartz,* Prosecuting Attorney of Lake County, Amicus Curiae.

ROYSE, J.—Relators have filed in this court their petition for a writ of mandate commanding the Respondents to sign, approve and file the general bill of exceptions tendered by Relators in the cause of one Jay Darlington vs. these Relators and others, which was tried and determined in the Porter Circuit Court.

The petition, in substance, avers that said Darlington was the plaintiff in the above mentioned action wherein, as a taxpayer of the City of Hammond, he sought a permanent injunction against the payment or collection of something over one hundred separate judgments against the City of Hammond on behalf of Barrett Law bondholders for misappropriation and misapplication of collections by said city upon Barrett Law assessment liens and applicable to such bonds and their interest coupons. The case was venued to the Porter Circuit Court where it was tried before the Honorable Walter Crisman, who was then Judge of said court. Trial resulted in judgment in favor of Darlington. Relators filed their motions for a new trial. Among other things each of said motions assigned that the findings of the trial court were not sustained by sufficient evidence and were contrary to law. The motions were overruled and the Relators herein, through the official court reporter, undertook to prepare a general bill of exceptions containing the evidence, etc.

During the trial plaintiff Darlington offered and the court admitted in evidence all the jacket files of the Lake Superior Courts in the judgments under attack, together with all the docket sheets and orderbook sheets, including all entries pertaining to any of said causes in the Lake Superior Courts. The petition describes in some detail the nature of these records. It also shows there were thousands of sheets of the records of the City of Hammond introduced in evidence. The petition then avers, in part, as follows:

"When the Porter Circuit Court reporter had his transcript of the oral evidence completed, checked, and verified and had assembled all the exhibits in the cause and had checked and verified them, these relators, that is, the defendants in the Darlington case (with the exception of the City of Hammond and its city officials and a few other minor exceptions) tendered to the said Walter Crisman, the then Judge of the Porter Circuit Court, as their general bill of exceptions the reporter's write-up of the evidence and all rulings of the court with respect thereto and of all objections of the parties together with all the original exhibits in the cause and such presentation was on notice to Darlington who appeared and opposed approval of said bill of exceptions on the ground that original exhibits could not be made a part of a general bill of exceptions.

"Neither then nor at any time since has Darlington or anyone else, including Walter Crisman, as the then Judge of the Porter Circuit Court, or his successor, ever contended that said general bill of exceptions is in any way incomplete or inaccurate or that the same was not tendered within the time permitted by law.

### 6.

"After Crisman heard the parties with respect to the approval of said general bill of exceptions he took the matter under advisement. Before the date fixed for his ruling he was taken to the hospital, remained there some time and died.

"Thereafter in the latter part of October, 1949, the Governor of Indiana appointed the respondent as Judge of the Porter Circuit Court, Porter County, Indiana, and shortly thereafter respondent qualified and took office as such judge.

### 7.

"After respondent's such qualification as such judge relators re-presented to him the general bill of exceptions above described in the form above described. Darlington again objected.

"On November 9, 1949, respondent refused to approve said general bill of exceptions, assigning

as his reasons that original exhibits cannot be used in a general bill of exceptions and that these particular exhibits could not be physically incorporated in or under the covers of the reporter's write-up of the oral evidence.

"He entered an order November 9, 1949, a certified copy of which is attached hereto, filed herewith, made a part hereof, and designated as Exhibit A."

Omitting formal parts, Exhibit A. is as follows:

"Now comes again the plaintiff by counsel, and come again those defendants who made the tender on September 15, 1949, and the re-tender on November 7, 1949, by counsel in open court. The court having heard counsel thereon and having now examined said tender and being duly advised, finds the same is not in fact or law a proper bill of exceptions.

"The court finds that said tender consists of the following: The reporter's transcript of the oral testimony and oral proceedings, including all objections to all evidence, oral or otherwise, all rulings of the court upon all such objections, all motions to strike, all rulings of the court thereon, at the trial of this case, and also the original exhibits introduced or offered in evidence during said trial. Said exhibits consist of several thousand papers of various kinds which are enclosed in one hundred twenty-six numbered containers. Said containers are in turn contained in eleven numbered boxes and packages and on each box is an index of its contents. Each of said boxes and packages has pasted on it a form of certificate which said defendants have requested the judge of this court to sign. This form of certificate bears the caption of this case and reads as follows:

" 'The undersigned as Judge of the Porter Circuit Court hereby certifies that the box to which this certificate is attached is Box ——, of Boxes 1 to ——, both inclusive, of the General Bill of Exceptions in said cause or causes, and said Boxes contain each and every exhibit offered or admitted

at the trial of said cause or causes in their containers 1 to 126, both inclusive.'

"The tender and request of said defendants to the court is for the court to sign, certify and file said boxes and packages with their said contents as constituting parts of the general bill of exceptions, in addition to said transcript of the oral testimony and other proceedings and rulings set forth above.

"The court further finds that the majority of said exhibits consist of original public records from Lake County, Indiana; including several hundred cancelled checks and special assessment disbursement schedules from the Hammond City Treasurer's office, and a file of records from the Hammond City Controller's office. Said exhibits also include the original court jacket files, the original bench docket sheets, and the original order book pages, in more than one hundred cases, from the office of the Clerk of Lake Superior Courts, Rooms 1, 2 and 5, at Hammond and East Chicago, Indiana.

"The court further finds that said exhibits and the boxes, packages and containers containing them, as now tendered to the court, are not physically embraced, included or incorporated in said transcript, and they are not in the transcript or a part of it. The only references to said exhibits in said transcript are statements, at the points where they were introduced and read in evidence, reciting: 'The originals of above described exhibits (giving exhibit numbers) enclosed, here inserted, in containers marked numbers' (giving the numbers of the containers where said exhibits are contained).

"The court further finds that said recital 'here inserted' which appears in said transcript is in fact an erroneous recital in so far as it implies that something has been or will be physically inserted in said transcript. Said exhibits and said containers, boxes and packages containing them, as now tendered to the court, have not been physically inserted or incorporated in said transcript and are in fact physically incapable of being inserted or incorporated in any way therein in the future.

"The court further finds that this purported bill of exceptions, as now tendered to the court, is physically incapable of being contained in, or incorporated into, any transcript by the clerk of this court.

"Accordingly, the court now declines to sign said various certificates and declines to approve and file said tender as a bill of exceptions, as now presented to the court, but the court now informs the parties in open court that the court will sign, approve, certify and file any proper bill of exceptions which is tendered to it.

"Signed and dated this 9th day of November, 1949."

"Relators and each thereof are in process of appealing from said judgment or judgments or decree or decrees below. They evidence the same not only by their sworn statement to that effect in this present complaint but through previous proceedings in Cause No. 17844 in this court entitled Gilkison, et al. v. Darlington, et al."

Respondents have filed a volumninous return of fifty-five pages to this petition. Most of the matter therein is wholly immaterial and irrelevant to the question before us. In their response they first question our jurisdiction to issue a writ of mandate in this case. They next contend that our opinion in the case of *Gilkison et al.* v. *Darlington* (1949), — Ind. App. —, 85 N. E. 2d 651, established as the law of the case that the original exhibits could not be made a part of the bill of exceptions. They further contend the Relators are not asking this court to compel a trial judge to perform his judicial duties under existing law, but rather to make a revolutionary change in the law governing bills of exceptions in all the trial courts of this state. Finally, they assert the law does not permit such a bill of exceptions.

The Prosecuting Attorney of Lake County filed a petition which we granted to be permitted to file a brief

Amicus Curiae in this matter. In his petition and brief he asserts that there is pending in the Lake Circuit Court seventeen indictments against five of the Relators herein; that these indictments arose out of disclosures made in the trial of the civil action which the Relators herein are attempting to appeal to this court. He asserts the records introduced in the civil action are necessary for his preparation of the trial of said criminal actions and that they will have to be used in the trial of said actions. He further asserts it would cause him great inconvenience and expense and might impede the prosecution of these criminal actions if he had to come to Indianapolis to examine these records but that if they remained in the custody of the Porter Circuit Court this inconvenience and expense would be avoided.

Respondents assert we do not have jurisdiction to entertain this petition for each of the following reasons: (1) Relators have called their petition an "Original Action in Mandate"; (2) This court has docketed the mandate complaint as a new, currently filed cause No. 18000, entirely apart from the appeal filed by Relators in this case a year ago as No. 17844, which they assert is now pending; (3) This court's show cause order treats this petition as an original mandate complaint; (4) That the aforementioned Darlington, shortly after this petition was filed in this court, filed in Cause No. 17844 his motion asserting he had a right to be served with a copy of the petition herein and demanding that the clerk of this court furnish him with a copy of said petition. That because this court transferred said motion to the cause herein and then denied it, this action has been adjudged an independent action in mandate and not ancillary to an appeal.

In our opinion respondents wholly misconstrue the

nature of the action and our decision in the case of *Gilkison et al.* v. *Darlington, supra.* That case was not an appeal. It was, as we stated in the first sentence of our opinion, a petition asking us to grant the petitioners (erroneously referred to therein as appellants) authority to incorporate original exhibits in their general bill of exceptions. In dismissing the petition we clearly pointed out we had no jurisdiction to pass upon the particular question there involved until "all the steps required by the statute authorizing the appeal have been taken, including the filing of the transcript and assignment of error." In that case we did not in any manner indicate whether or not the original exhibits could be incorporated in the bill of exceptions. In the following language we stated the duty of an appellant and the trial court in the preparation of a transcript:

> "We are of the opinion that it is the right, duty and responsibility of an appellant to prepare or cause to be prepared his transcript for an appeal to this court in the manner and form which he believes will properly present the questions he seeks to raise. *Mitchell, Executor, et al.* v. *Beissenherz,* 1922, 192 Ind. 587, 591, 135 N. E. 885. Of course it is the duty of the trial court to certify to the correctness of the bill tendered or to make such corrections as is deemed necessary to make the bill speak the truth. *Huntington et al.* v. *Hamilton et al.,* Ind. App. 1946, 69 N. E. 2d 134."

Our order dismissing the petition in that case finally concluded the matter which the petitioner therein sought to raise.

This action has been properly assigned a new number and is an original action in mandate. The petition on its face shows that petitioner is attempting to appeal to this court an action within our appellate jurisdiction and sets out facts to show

petitioners are being denied their right to appeal to this court by the action of the Respondents. The statute gives us authority to issue writs of mandate in aid of our appellate jurisdiction. Section 3-2201, Burns' 1946 Replacement. The petition requests that we mandate the Respondents to perform their duty under the law so that the petitioners may perfect their appeal in this court.

It is to be borne in mind that the court records which were introduced in evidence in the trial of the cause of Darlington v. Gilkison, et al. were not the pleadings or records in that case, but were the records of two Superior Courts of Lake County in other actions. We do not feel called upon to express our opinion regarding the propriety of said Lake Superior Courts in permitting their original records to be taken from their custody and used as evidence in the trial of the case which the petitioners herein are now attempting to appeal.

The order of the Respondents refusing to sign, approve and file the tendered bill of exceptions hereinbefore set out *does not assert the tendered bill of exceptions is not correct or does not speak the truth.* Their refusal is based on the form of the tendered bill. This is no concern of the Respondents. It is the exclusive duty of this court to determine whether a bill of exceptions is proper and sufficient as to form and contents. *Huntington et al.* v. *Hamilton, etc., et al.;* v. *Hanna, Judge* (1947), 118 Ind. App. 88, 93, 69 N. E. 2d 134. Of course we cannot determine such question until the assignment of error and transcript have been filed in this court. *Gilkison et al.* v. *Darlington, supra.*

In reference to the Amicus Curiae brief of the Prosecuting Attorney of Lake County, we can readily

understand that the conditions brought about by the use of the records of the Lake County Superior Courts as evidence in the case from which petitioners are attempting to make this appeal will cause him some inconvenience and the State some additional expense. However, the difficulties which this situation has brought about are not sufficient to deprive petitioners of their right to an appeal. When and if the appeal is filed in this court we have ample authority to permit any records which are in our custody to be temporarily removed or to permit copies to be substituted for the originals if we deem that necessary. *Department of Financial Institutions* v. *Neumann* (1940), 217 Ind. 85, 89, 26 N. E. 2d 388.

In matters of this nature there is no right to a rehearing or for petition to transfer to the Supreme Court. *State ex rel. Columbus Street Railway & Light Company* v. *Deupree, Judge* (1907), 169 Ind. 279, 281, 82 N. E. 452. Therefore, the Respondent Honorable Leo Clifford, as Judge of the Porter Circuit Court, is hereby ordered and directed to forthwith sign and approve the bill of exceptions tendered by petitioners and to permit same to be filed as a part of the record in the above mentioned cause.

A certified copy of this opinion, duly served upon the Respondent, shall be considered the mandate of the court without special writ.

Crumpacker, J., not participating.

Martin, P. J., dissents.

NOTE.—Reported in 89 N. E. 2d 630.