STATE EX REL. GILKISON ET AL. *v.* CLIFFORD, JUDGE, ET AL.

[Appellate Court No. 18,000. Transfer dismissed February 17, 1950.]

Young and Gilkison, J. J., not participating.

*Albert H. Gavit,* of Gary, for relators.

*Edward J. Ryan,* of Valparaiso, and *Owen W. Crumpacker,* of Hammond for respondents.

*Ben Schwartz,* Prosecuting Attorney, of Lake County, *Amicus Curiae.*

JASPER, C. J.—The relators began this action in the Appellate Court for the purpose of procuring an order mandating the respondents to sign, approve, and file a general bill of exceptions.

It is further shown that the relators desired to appeal from the judgment in the court below to the Appellate Court, and that the appeal could not be properly perfected without the general bill of exceptions.

An alternative writ issued, and the respondents filed a return, after which the petition for mandate was granted. See *State* v. *Clifford* (1950), 120 Ind. App. 84, 89 N. E. 2d 630.

The respondents have filed a petition to transfer the cause to this court, and the relators have moved to dismiss the petition to transfer for want of jurisdiction.

Writs of prohibition or mandate in original actions in aid of appellate jurisdiction are vested in the Appellate Court. § 4-209, Burns' 1946 Replacement. The petition and brief show that this mandate was granted by the Appellate Court in aid of its appellate jurisdiction. This is, in substance, an interlocutory order, and is not a final determination of the principal case. The cases of *State ex rel. M. & T. Ins. Co.* v. *Buente, Judge* (1936), 210 Ind. 432, 3 N. E. 2d 977, and *State ex rel.* v. *Deupree* (1907), 169 Ind. 279, 82 N. E. 452, are controlling. This court has no jurisdiction to transfer the cause from the Appellate Court. See also *Montgomery Ward & Co.* v. *Thalman* (1949), 228 Ind. 486, 89 N. E. 2d 220, 221.

Petition to transfer dismissed.

Young, Gilkison, J. J., not participating.

NOTE.—Reported in 90 N. E. 2d 350.