STATE EX REL. DIVEN *v.* PUBLIC SERVICE COMMISSION OF INDIANA.

[No. 29,923. Filed May 11, 1960.]

*George L. Diven,* Public Counselor, for relator.

*Edwin K. Steers*, Attorney General, *Stuart, Branigin & Ricks*, of Lafayette, *Bomberger, Wilson, Crites & Belshaw*, of Hammond, *Goodrich, Campbell & Warren, Barnes, Hickam, Pantzer & Boyd*, of counsel, and *Alan W. Boyd*, all of Indianapolis, for respondent.

LANDIS, J.—On September 26, 1958, relator brought this original action for writ of prohibition in the Appellate Court. In such action relator attempted to prohibit and enjoin respondent from enforcing and continuing its order for collection of certain rates entered in another cause before the Public Service Commission which was pending on appeal to the Appellate Court of Indiana, which said cause is entitled *Edward Sizemore et al.*, appellants, v. *Public Service Commission of Indiana, and Illinois Bell Telephone Company*, appellees.

On March 17, 1960, the Appellate Court entered the following order:

> "It now appearing . . . that four of the judges of this Court are of the opinion that the Writ of Prohibition should be granted and four of said judges are of the opinion that said Writ should be denied.

> "It is now ordered, pursuant to the provisions of §4-209, Burns' 1946 Replacement, that this cause be transferred to the Supreme Court of the State of Indiana."

The original action of prohibition and mandate before the Appellate Court in this case was in aid of its appellate jurisdiction and was interlocutory in nature. Regardless of its disposition in the Appellate Court it therefore was not the final determination of the principal cause by the Appellate Court so as to be transferable to the Supreme Court. See: *State ex rel. Gilkison* v. *Clifford* (1950), 228 Ind. 142, 90 N. E. 2d 350; *State*

518

*ex rel. M. & T. Ins. Co.* v. *Buente, Judge* (1936), 210 Ind. 432, 3 N. E. 2d 977.

We do not have jurisdiction under Burns' §4-209,[1] *supra,* to consider here piece-meal the numerous preliminary questions that may arise prior to final disposition of the principal cause by the Appellate Court.

This cause is now remanded to the Appellate Court.

Arterburn, C. J., and Jackson, Bobbitt and Achor, JJ., concur.

NOTE.—Reported in 167 N. E. 2d 43.

---

1. Burns' §4-209 (being Acts 1901, ch. 247, §15, p. 565), provides:

". . . *Whenever, upon the determination of any appeal* . . . if four [4] judges shall not concur in the result, the case shall be transferred to the Supreme Court. . . ." (Emphasis added.)