BLACKWOOD *v.* REVIEW BOARD OF THE INDIANA EMPLOYMENT SECURITY DIVISION ET AL.

[No. 20,063. Filed December 10, 1964. Rehearing Denied January 19, 1965. Joint Petition for Rehearing and Leave to File Amended Petition for Rehearing Denied March 2, 1965.]

*Frank E. Spencer* and *Gerald C. Purdy*, of Indianapolis, for appellant.

*Edwin K. Steers*, Attorney General, and *Keith Campbell*, Deputy Attorney General, for appellee, Review Board.

*Leland B. Cross*, and *Ross, McCord, Ice & Miller*, of Indianapolis, for appellee, Zimmer Paper Company.

HUNTER, J.—This court feels safe in saying that the procedural status of this case is unique. At this time the cause is in effect submitted by both parties for determination without the filing of briefs, although the appellant, the employee, also has pending his petition for additional time to file his appellant's brief if his pending motion before this court is denied. It will appear from what is hereinafter held and decided, that a ruling on the petition for time to file appellant's brief is unnecessary.

The appellant, after extended and insistent procedural efforts to secure a certification of record by the appellee Review Board of the Indiana Employment Security Division concerning proceedings which occurred before the Board in connection with the disputed claim, and which are not shown of record and set forth in the transcript of the record, see: Acts of 1947, ch. 208, secs. 1806 and 1812, as amended, and as found in Burns' 1964 Supp., secs. 52-1542e and 52-1542k, has filed a motion to reverse decision and award of the Review Board of the Indiana Employment Security Division upon refusal of said board to comply with the order of this court, and the appellee Review Board has filed a petition to remand. It should be noted that the Review Board is not asking for a temporary remand of the proceeding for the taking of additional evidence, pursuant to the provisions of Burns' sec. 52-1542k, *supra*, but

rather that the cause be remanded and "tried *de novo*" before the Review Board.

The cause is an appeal from the decision of the appellee Review Board in an action commenced by the appellant employee as claimant, for benefits under the Indiana Employment Security Act, Acts of 1947, ch. 208, as amended, and as found in Burns' 1951 Repl., sec. 52-1525 *et seq.*, by which decision the Board stated that it was setting aside the Referee's decision—"that the claimant is entitled to benefit rights without disqualification for his separation from work"—and the Board held that appellant (claimant) voluntarily left his work without good cause and was disqualified for benefits by reason thereof.

After commencing this appeal by filing his assignment of errors and transcript of the record, appellant filed a verified petition for writ of mandate in aid of appellate jurisdiction, setting forth, among other things, the following: that prior to the filing of the transcript of the record, having received the certified transcript of the record from the Honorable Douglas J. Morris, Chairman of the Review Board, appellant had noted that the transcript did not contain any record of the making of a certain contention and objection by appellant before the Review Board; that when the Chairman was available for consultation, appellant, by his attorneys, had requested that said Chairman make due record, either by way of a special bill of exceptions, or in his certificate to said transcript, of appellant's said contention and objection, and that appellant presented to the Chairman a written memorandum of that contention and objection, as follows:

"Claimant, by his attorney, contended that by law the procedure for handling disputed claims is prescribed by regulations of the Board, that under

Regulation 1004 of the Indiana Employment Security Board the Employer was required to make written application for a desired continuance, and that since no such written application had been made in this case, no record made by the Board or Referee as to a continuance, and no continuance granted by the Referee prior to the hearing held on May 27, 1963, Claimant objected to the Board considering the Employer's appeal on the grounds stated by the Employer, and further that if Employer's appeal is considered by the Board, any determination should not be based on evidence other than that received by the Referee on said first hearing."

Appellant further set forth in his said *verified petition* for writ of mandate that the Chairman then stated that *"that's about the way it was"*, that he remembered the occurrence, although he did not remember the exact words that were said, and that he personally had no objection to doing as requested by appellant but that he wished to consult with the Deputy Attorney General assigned to the Review Board and also with the other members of the Review Board; and the Chairman thereafter declined to make any such change or addition to the transcript of the proceedings and certificate as prepared and now on file in this cause in this court.

Appellant, apparently in order to show the materiality of his request for the additional record or certificate, and also of his request for assistance from this court by a writ to secure the same, further asserted in his *verified petition* for the writ that by his assignment of errors he had asserted in part as follows: that the decision of the Review Board is contrary to law; that the Review Board erred in remanding the cause to the Appeals Supervisor, upon the unverified application of the appellee Zimmer Paper Company to have its testimony become a part of the case, without notice to ap-

pellant, and without any hearing whatsoever upon the facts alleged by said appellee and acted upon as true by said Board; that the Review Board erred in accepting as an appeal the unverified letter from appellee Zimmer Paper Company; that the Review Board erred in granting a continuance, in substance, to the appellee Zimmer Paper Company, without notice to appellant, and without prior written application having been made therefor pursuant to Regulation 1004 of the Indiana Employment Security Board; that the Review Board erred in granting a continuance, in substance, to the appellee Zimmer Paper Company, without notice to appellant, and without request by the State of Indiana, upon the ground that the claim is against the State of Indiana; that the Review Board erred in remanding the cause to the Appeals Supervisor "for his consideration and appropriate action;" that the Review Board erred in considering evidence which was not heard by a quorum of said Review Board in accordance with the requirements of the Acts of 1947, ch. 208, secs. 1805 and 1803, as amended; that by reason of the said specific errors and actions of the Review Board the decision of the Review Board setting aside the decision of the Referee is arbitrary and capricious, not in accordance with law, without observance of procedure required by law, and in excess of statutory jurisdiction, authority and right.

Appellant further asserted in said *verified petition* for the writ that in the exercise of its appellate jurisdiction in this cause, this court should be informed as a matter of record that appellant, prior to the decision of said Review Board, did make said contention and objection to the Review Board, and that pursuant to the provisions of the Acts of 1947, ch. 208, sec. 1806, as found in Burns' 1951 Repl., sec. 52-1542e, that "a full

and complete record shall be kept of all proceedings in connection with a disputed claim", the appellee Review Board, by its said Chairman, the Honorable Douglas J. Morris, should be mandated to certify, as a matter of record, the contention and objection made by appellant before the said Review Board at the time of said "hearing".

This court determined that a *prima facie* showing of the propriety and need of such a writ had been made, and issued its alternative writ of mandate in aid of appellate jurisdiction, commanding the Review Board of the Indiana Employment Security Division, by its Chairman, to certify to this court the substance of the contention and objection of the appellant made before said Review Board, or, *on failure so to do, that said Review Board, file its return showing any reason in law or in fact why the writ should not be made permanent and absolute.* See: Acts of 1881 (Spec. Sess.), ch. 38, sec. 803, as amended by the Acts of 1955, ch. 253, sec. 1, and as found in Burns' 1946 Repl., 1963 Supp., sec. 3-2201; Acts of 1901, ch. 247, sec. 15, as found in Burns' 1946 Repl., sec. 4-209; *State ex rel. Gillette* v. *Niblack* (1944), 222 Ind. 290, 53 N. E. 2d 542; West's I. L. E., Vol. 7, *Courts*, secs. 103 and 109, Mandate; *State ex rel. Gilkison* v. *Clifford* (1950), 120 Ind. App. 84, 89 N. E. 2d 630, transfer denied 228 Ind. 142, 90 N. E. 2d 350.

The Review Board filed a verified return to the alternative writ, but it did not deny that the contention and objection asserted by appellant was in fact made, and it did not deny that the Chairman of the Review Board, upon reading the appellant's memorandum as to what had occurred before the Board, stated that "that's about the way it was", that he remembered the occurrence. See: *State ex rel. Gilkison* v. *Clifford,*

*supra,* as to similar situation in which this court took particular note of the fact that the trial court had not asserted that the tendered bill of exceptions was not correct or did not speak the truth.

As asserted by appellant in this cause, there is some question as to whether a bill of exceptions, as such, is required or proper in an administrative proceeding, but there is no question but that the Review Board is required to keep a full and complete record of all proceedings in connection with a disputed claim, and that upon appeal the Review Board is required to prepare a transcript *of all proceedings had before the referee and Review Board.* Acts of 1947, ch. 208, secs. 1806 and 1812, as amended, and as found in Burns' 1964 Supp., secs. 52-1542e and 52-1542k.

On May 15, 1964, this court entered an order affirming the ruling of this court in the alternative writ, and thereafter on June 24, 1964, noting that the Review Board had not yet filed with the Clerk of this court the certification as required in the alternative in the said writ, this court entered another order specifically requiring action as follows:

"IT IS THEREFORE ORDERED that the writ heretofore issued on January 2, 1964, is now made permanent, and the Review Board of the Indiana Employment Security Division, by and through its Chairman, is now ordered to certify to this Court on or before July 4, 1964, the substance of the contention and objection of the Appellant made before said Review Board on July 18, 1963, as set forth in rhetorical paragraph numbered 17 of the certain PETITION FOR WRIT OF MANDATE IN AID OF APPELLATE JURISDICTION which said allegations were not denied by said Review Board; and it is further ordered that the time for filing Appellant's Brief in this cause be and the same is now extended to and including Monday, August 3, 1964."

Instead of filing such a certification with the clerk of this court, as required, the Review Board certified merely that the attorneys for appellant had presented a certain memorandum to the Chairman of said Review Board containing the assertions by appellant's attorneys as to the substance of the contention and objection of the appellant which had been made before the Review Board.

It is pointed out that the Board wholly failed to comply with either the alternative or permanent writs of mandate. By its certification the Board has not met either the letter or spirit of said writs. It is difficult to perceive of a more arbitrary disregard of this court's orders.

Appellant now contends that by facetiously failing and refusing to comply with the orders of this court in completing the record as specifically required by the order of this court, the appellee Review Board is playing games with this court, and has prevented appellant from presenting said question on appeal herein concerning the unlawful action of the Review Board in considering the employer's appeal on the grounds stated by the employer and in considering evidence other than that received by the referee on said first hearing.

This court agrees with appellant, and further notes that if the appellee Review Board was permitted to hold trial of this cause *de novo* as requested by that Board, the entire relief requested by appellant in this appeal would thereby be effectually denied, and the Review Board would, in a very real sense, profit by its evasion of this court's mandates. Further, the Board's failure to follow the statutory requirements and its own procedural rules would in effect be tacitly approved.

If the Board's posture is to be upheld, this court would become but a mere "rubber stamp" waiting only

to approve all of the Board's actions in this case, and thereby in effect this court would reduce the appellant's statutory right to a "judicial review" to an impotent gesture. This we are not constrained to do.

Although this situation with an administrative agency has not, to the knowledge of this court, heretofore arisen in this jurisdiction, there is precedent in the law for reversing a cause on appeal upon the failure or refusal of the trial judge to do his duty in the preparation of a complete record. 4A C. J. S. 694, §801, *Appeal & Errors; Pratley* v. *Sherwin-Williams Co. of Texas* (1931), Commission of Appeals of Texas, 36 S. W. 2d 195. 42 Am. Jur., §75, p. 390, *Minutes, Records, and Reports.*

"The advisability of the keeping of minutes and records and proceedings of administrative bodies cannot be gain-said. Yet in the absence of a statute requiring the keeping of a written record of proceedings, it is held in relation to some boards and commissions that this is not necessary. However, where a board or commission is required to base its action on findings to be made after a hearing, a definite record must be made of all evidence produced before the commission and all matters upon which it bases its order. The function of the court to *prevent abuse of power* by administrative officers can be fulfilled only when a *full record is preserved of the essentials on which the officers proceed to judgment. A failure to make and preserve such a record for the purposes of* administrative as well as *judicial review may constitute a denial of a fair hearing.*" (our emphasis)

This court recently had occasion to reverse a decision of the Review Board which had been apparently based in part upon consideration of a letter which did not appear in the record. *Jung* v. *Review Board of Indiana Employ. Sec. Div.* (1964), 136 Ind. App. —, 199 N. E. 2d 476. We are equally concerned when no record has

been made of an objection made by counsel before the Board. The failure and refusal of the Chairman of the Board to make the record both on request of counsel and on order of this court is inexcusable.

Such arbitrary and unreasonable action on the part of an administrative agency in obstructing due process of law is not to be tolerated. Appellee Review Board's petition to remand for trial de novo is denied, and appellant's motion to reverse the decision and award of the Review Board upon the refusal of said Board to comply with the order of this Court is granted.

The decision of the Review Board is therefore set aside, and the decision of the Referee is determined to be final. The cause is therefore remanded for further proceedings consistent with this order.

Faulconer, C. J., Kelley, P. J., Carson, Cooper, Pfaff, and Ryan, JJ., concur.

Mote, J., concurs in result.

NOTE.—Reported in 202 N. E. 2d 766.