STATE OF INDIANA EX REL. BILTZ *v.* APPELLATE
COURT OF INDIANA ET AL.

[No. 31,060. Filed December 14, 1966. Rehearing denied
March 10, 1967.]

*James C. Courtney* and *Michael Riley,* both of Indianapolis,
for relator and *Irving J. Smith,* of South Bend, *amicus curiae.*

*John J. Dillon,* Attorney General, and *Frank M. Maley,*
Deputy Attorney General, for appellee.

MYERS, J.—Relator, Imogene E. Biltz, on February 1, 1965,
filed her application for a beer wholesaler permit with the
Indiana Alcoholic Beverage Commission. On December 15,
1965, a public hearing was held on this application. The Com-
mission denied the permit on March 18, 1966. On March 28,
1966, relator filed her notice of determination to appeal to
the Marion Superior Court, General Term, pursuant to statute.
Burns' Ind. Stat., § 12-508, 1956 Replacement (Supp.). The

Superior Court, in General Term, entered a judgment on July 1, 1966, setting aside the denial of the Commission's determination and ordered the Commission to issue a permit forthwith. Within the thirty-day statutory period of time, a motion for new trial was filed. This motion never has been acted upon by the Superior Court.

On the 8th day of July, 1966, the Alcoholic Beverage Commission filed a verified petition for a writ of prohibition in the Appellate Court of Indiana asking that the Marion Superior Court, in General Term, be prohibited from acting in the matter except for the purpose of ruling on the motion for new trial or until further order of the Appellate Court. A temporary writ to this effect was issued on the same day without notice and without hearing. A petition for dissolution of the writ was filed by relator on July 13, 1966. The Appellate Court deferred action on the matter until September 12, 1966, and requested briefs which were filed concerning the matters and issues raised. A hearing was held on that date by the Appellate Court in banc, two Judges not being present. An order was entered making the writ permanent without a written opinion. A petition for rehearing was filed by relator which was denied. Relator then filed a petition to transfer the matter to this court, and a few days later filed an original action in this court for a writ of mandate and prohibition against the Appellate Court. A temporary writ in the alternative was granted. The Appellate Court has filed its response, and we are now presented with the problem of whether the Appellate Court's writ was issued in excess of its jurisdiction.

It is contended that the only jurisdiction the Appellate Court has in issuing writs of prohibition and mandate is controlled by the statutes of the State, which say in pertinent part:

"Writs of mandate and prohibition may issue out of the Supreme and Appellate Courts of this state in aid of the

appellate powers and functions of said courts respectively." Burns' Ind. Stat., § 3-2201, 1946 Replacement (Supp.).

When the Alcoholic Beverage Commission filed its motion for new trial, it also filed a petition to stay execution pending action on the motion for new trial. It is argued that the trial court should have issued an order to stay execution because it had ordered the Commission to issue to the relator a beer wholesaler's permit *forthwith,* with the possible consequences of a contempt action against the Commission in the event there was a delay in acting on the motion for new trial, and there was a refusal on the part of the Commission to issue the permit. Accordingly, respondents take the position that the writ issued by the Appellate Court is nothing more than a stay of execution until there is a ruling on the motion for new trial.

It is true that the Appellate Court, in aid of its appellate jurisdiction, may take such action as is reasonable and necessary to compel a trial court to act in such a fashion as to allow an appeal from its decision to be perfected. But this is restricted only to cases where there is a legitimate attempt to perfect an appeal and the court has taken steps to block it, such as by refusal of the Judge to sign and approve a bill of exceptions. *State ex rel. Gilkison* v. *Clifford* (1950), 120 Ind. App. 84, 89 N. E. 2d 630. This court made the following statement in *State ex rel. M. & T. Ins. Co.* v. *Buente, Judge* (1936), 210 Ind. 432, 434, 435, 3 N. E. 2d 977, 978:

"If the jurisdiction of the Appellate Court is invoked before an appeal is perfected, jurisdiction must be deemed to have been exercised contingent upon an appeal being afterwards perfected. If an appeal is not perfected, the question would become moot."

See, also, *Riddell Nat'l Bank, etc.* v. *Englehart et al.* (1953), 123 Ind. App. 517, 105 N. E. 2d 357, 106 N. E. 2d 465, and

*State ex rel. Burton* v. *Gelb* (1947), 225 Ind. 330, 334, 335, 75 N. E. 2d 151, 153, 154. In the latter case, we said as follows:

"We have no supervisory authority by mandate to control either the discretion, or the judicial determination of the trial court. When it has decided the tendered issue, it has done all that this court, in an original action, could mandate it to do.

". . .

"We do not wish to intimate whether there is or is not error in the judgment rendered, but if there is, it cannot be revised or corrected by this original action. . . . Erroneous judgments may be revised or corrected only on appeal."

It does not appear to us in this case that the interference with the trial court in prohibiting it from proceeding with the case, including the consideration of any further stay on the ruling on any petition to stay the judgment, falls within the appellate jurisdiction of the Appellate Court. On July 1, 1966, the Superior Courts of Marion County, sitting in General Term, ruled the beer wholesaler's license should issue. On July 5, 1966, the Commission filed its motion for new trial and for stay of execution. Then, three days later, on July 8, 1966, the Commission filed its verified petition for a writ of prohibition in the Appellate Court which issued a temporary writ the same day without notice or hearing, requiring the Superior Court to refrain from exercising any further jurisdiction or taking any further action except to rule on the motion for new trial.

There is nothing in the record to show that the Superior Court, in General Term, has refused to permit an appeal according to the cases cited herein. The motion for new trial was only three days' old when the writ was granted by the Appellate Court. It is quite possible that a ruling on this motion would never have been pressed; that the parties could have settled their differences without an appeal. The Judges of the Superior Court might never have had to rule on the motion, and, in our opinion, if they were planning to do so,

three days is not sufficient time within which to make such a ruling.

The alternative writ heretofore issued is now made absolute and permanent.

Arterburn, C. J., and Rakestraw, J., concur.

NOTE.—Reported in 221 N. E. 2d 815.