STATE OF INDIANA, EX REL. GMIL *v.* CAMERON, JUDGE OF THE MUNICIPAL COURT OF MARION COUNTY, ET AL.

[No. 26,177. Filed May 20, 1932.]

---

* Following the decision of this case §1, ch. 102, Acts 1933, p. 688, was enacted.

*T. Ernest Maholm,* for petitioner.

*William S. McMaster, Joseph Markey* and *Karabell & Lipman,* for respondents.

TREANOR, J.—This is an original action by the relator, Eli Gmil, brought in the name of the State of Indiana, for the purpose of having this court issue its writ of prohibition against Clifton R. Cameron and William H. Sheaffer, as judges of the municipal court of Marion County, Indiana, and Michael J. Morrissey as superintendent of the police department of the city of Indianapolis, Indiana. The gist of relator's verified petition was that the above-named judges had been issuing unauthorized and illegal orders regulating the treatment of prisoners who were confined in the city prison and that the superintendent of police was enforcing these orders. The particular cause of complaint was that the enforcement of these orders interfered with the rights of prisoners to consult with attorneys and bondsmen and constituted an "infringement upon the rights of relators herein as citizens and taxpayers of the State of Indiana to act as surety on recognizance bonds."

An alternative writ of prohibition was issued against the judges named in the petition and their returns were made for the purpose of showing cause. We are inclined to think that these returns were sufficient to show that the rules in question were not unreasonable in view of the situation which must be dealt with by the judges of the municipal court and the superintendent of police.

But we cannot decide that question, since we have concluded that the Supreme Court is without power to control the action of the judges of the municipal court of Marion County through writs of prohibition.

Our Constitution expressly provides that the Supreme Court "shall also have such original jurisdiction as the general assembly may confer." (Art. 7, §4, Indiana Constitution.) The General Assembly has enacted that writs of prohibition may issue out of the Supreme Court in aid of its appellate jurisdiction and that "writs of prohibition may issue out of the Supreme Court to such circuit, superior and criminal courts respectively to restrain and confine such circuit, superior and criminal courts respectively to their respective lawful jurisdictions." (§1244 Burns 1926, Acts 1915, ch. 87, p. 207.) While a writ of prohibition in aid of the appellate jurisdiction of this court may be directed to any person, officer or court, it is clear that a writ to restrain a lower court to its proper jurisdiction can be directed only to a circuit, superior or criminal court, and we think that the municipal court, or its criminal division, is not a criminal court within the intendment of the statute just quoted. It is true that the municipal court of Marion County has criminal jurisdiction; but city courts and justices of the peace have criminal jurisdiction of substantially the same extent. The statute which creates the municipal court of Marion County (§1724 et seq. Burns 1926, Acts 1925, ch. 194, p. 457) does not provide for a permanent criminal division of the court, but merely authorizes three of the four judges "to assign civil cases only to a certain judge or judges and criminal cases only to other judges." If such action is not taken, then each judge hears both civil and criminal cases. The words "circuit, superior and criminal" courts, as used in the statutes designate well-known and clearly defined classes of

courts, which do not include justices of the peace courts, city courts or municipal courts. The only reason for holding that *criminal court,* as used in the writ of prohibition statute, includes the municipal court of Marion County is that the latter court has criminal jurisdiction; but the same reason would require that justice of the peace courts and city courts be included. The legislative act which created the municipal court of Marion County provides for criminal appeals to the "criminal court of the county in which such municipal court is located" and for a trial *de novo;* thus treating the municipal court as a subordinate branch of the criminal court of the county. There is no appeal in a criminal case from a municipal court to the Supreme Court and we conclude that the term "criminal court," as used in the writ of prohibition statute, includes [at the present time] only the strictly criminal courts provided for by the act of 1881 (Acts 1881 [Spec. Sess.] p. 111, §1682 *et seq.* Burns 1926) and from which appeals may be taken to the Supreme Court; and does not include either the municipal court of Marion County in its entirety or the temporary criminal division presided over by respondents.

We denied an alternative writ directed to the superintendent of the police department for the reason that there is no original jurisdiction in this court to control by writ of prohibition the acts of an executive officer on the theory either that he is exceeding his own official authority or is co-operating with a judge who is exceeding his power.

The alternative writ directed to respondents Clifton R. Cameron and William H. Sheaffer, judges of the municipal court of Marion County, Rooms 3 and 4 respectively, is hereby discharged and the permanent writ is denied.