## STATE, EX REL. HANRAHAN *v.* CHAMBERS, PROBATE JUDGE.

[No. 26,162.   Filed May 20, 1932.]

*Little, Little, Horn & Lewis,* for petitioner.

*James W. Noel, Hubert Hickam, Allan W. Boyd* and *Robert D. Armstrong,* for respondent.

MARTIN, J.—Relatrix, with others, filed exceptions or objections to the final report of a special administrator of a decedent's estate pending in the probate court of Marion County.   Thereafter, she filed verified motions

for a change of venue from the county and for a change of judge. These motions were overruled, and, by this proceeding, a petition for a writ of mandate, relatrix seeks to compel said probate court to grant such change of venue and of judge.

Upon the filing of this action, this court issued its writ directing the respondent, as judge of such probate court, to show cause for not granting the change of judge and the respondent has filed a return to the writ and also a motion to dissolve the same. It will not be necessary to consider the sufficiency of the return, since, for the reason hereinafter set out, the motion to dissolve the writ must be sustained.

Section 4, Art. 7, Indiana Constitution, §171 Burns 1926, is as follows:

> "The Supreme Court shall have jurisdiction coextensive with the limits of the state in appeals and writs of error, under such regulations and restrictions as may be prescribed by law. It shall also have such original jurisdiction as the general assembly may confer."

Original jurisdiction of the Supreme Court to issue writs of mandate is conferred by §803, ch. 87, Acts 1915, §1244 Burns 1926, as follows:

(A) "Writs of mandate and prohibition may issue out of the Supreme and Appellate Courts of this state in aid of the appellate powers and functions of said courts respectively."

(B) "Writs of mandate may issue out of the Supreme Court to the circuit, superior or criminal courts of this state respectively, compelling the performance of any duty enjoined by law upon such circuit, superior and criminal courts respectively, including the granting of changes of venue from the county in cases where such change of venue is allowed by law, and timely, proper and sufficient motion and affidavit have

been filed therefor, and such change of venue has been refused."

(Even in the absence of that portion of this statute marked "(A)" above, we are not prepared to state, nor do we by this opinion hold—the question not being directly involved herein—that the Supreme Court, in a proper case, would not, under a power necessarily implied under the first sentence of §4, Art. 7, Constitution, quoted above, have jurisdiction to issue writs necessary to enable it to exercise completely and properly its jurisdiction in appeals.)

The mandate sought by relatrix is not "in aid of the appellate powers and functions" of this court, *first,* because it does not seek to compel the signing of a bill of exceptions, the granting of permission to file a motion for a new trial or any action of like character necessary to perfect or present a record for appeal, and *second,* because any appeal from the action of the probate court in approving a final report would lie to the Appellate Court and not to the Supreme Court, unless a constitutional question was involved therein. §1356 Burns 1926. See, also, §§1772, 1797 Burns 1926.

This court has repeatedly held that it has no general or inherent power to issue writs of mandate to inferior courts, but has only such power in respect thereto as the General Assembly has expressly conferred upon it (subject to the possible exception indicated in the statement in parentheses above). The statutory power of the Supreme Court to issue writs of mandate to inferior courts of the state compelling the performance of any duty enjoined by law upon such courts is limited specifically to "circuit, superior or criminal courts." The Legislature might have conferred power on the Supreme Court to issue such writs of mandate to "all other courts" or to "all trial courts of record," but it did not. The words which it used—"circuit, supe-

rior and criminal courts"—have a well-defined and statutory meaning known to all. It cannot be said that such words were not used advisedly or without a clear intention to confine the power of this court to issue writs of mandate to compel performance of duty enjoined by law to the specific courts named. Such words do not include the probate court of Marion County, which court, as well as other inferior courts which were not included, was in existence when the act of 1905 was passed. (The probate court of Marion County was established by ch. 151, Acts 1907. §§1753-1776 Burns 1926.)

It follows that this court has no power to issue a writ of mandate to the probate court of Marion County to compel the performance of any duty enjoined by law upon such court.* The writ heretofore issued herein is, therefore, ordered dissolved, and the petition is dismissed.

---

* Following the decision of this case §1, ch. 102, Acts 1933, p. 688, was enacted.