STATE EX REL. MILLER ET AL. *v.* APPELLATE COURT ET AL.

[No. 27,787.   Filed December 10, 1942.]

*Dunbar & Dunbar* and *Rochford & Rochford,* all of Indianapolis, for petitioners.

RICHMAN, C. J.—There is an appeal pending in the Appellate Court of Indiana numbered 17,043 in which relators herein are appellees and respondent, James L. Gavin, is appellant. The appellees, contending that the appeal grows out of a matter connected with a decedent's estate and is controlled by § 6-2001, Burns' 1933, § 3277, Baldwin's 1934, filed their motion to dismiss the appeal because of appellant's failure to file appeal bond. The Appellate Court overruled the motion. By their petition entitled "petition for writ of mandate and prohibition" the appellees now ask us to order the Appellate Court to dismiss the appeal.

Our jurisdiction in mandate and prohibition is statutory, except as indicated in *Warren* v. *Indiana Tele-*

*phone Co.* (1940), 217 Ind. 93, 115, 26 N. E. (2d) ██ 399, 407. Other than in aid of our own "appellate powers and functions," the jurisdictional statute, § 3-2201, Burns' 1933, § 1090, Baldwin's 1934, provides that we may only mandate and prohibit action by *nisi prius* courts. The Appellate Court is not included in the list. The following section, § 3-2202, Burns'. 1933, § 1091, Baldwin's 1934, does not extend our jurisdiction. This is apparent from the legislative history of the two sections.

Prior to the adoption of the present Constitution, all writs of mandate issued out of a circuit court except those of the Supreme Court in aid of its jurisdiction and powers. Rev. Stat. 1843, p. 939. In the revision of 1852, 2 R. S. 1852, Part Second, ch. 1, art. 43, p. 320, the two sections read:

> Sec. 738. "Writs of mandate and prohibition may issue from the supreme and circuit courts and courts of common pleas of this State; but such writs shall issue from the supreme court only when necessary for the exercise of its functions and powers."
>
> Sec. 739. "Writs of mandate may be issued to any inferior tribunal, corporation, board or person, to compel the performance of an act which the law specially enjoins; or, a duty resulting from an office, trust or station."

The section numbers were changed in 1881 to 803 and 804 respectively but there was no other change until 1911 when both were amended, Acts 1911, p. 541, the former by abolishing writs of mandate but giving the same relief "by means of complaint and summons, in the name of the state on relation of the party in interest, in the supreme, appellate, circuit or superior courts of this state, as other civil action, and be known as actions for mandate; . . ." In the latter the words "Writs of mandate may be issued to" were replaced by

the words "The action for mandate may be prosecuted against." By these amendments the jurisdiction of this court was not changed but here, as in all the other courts named, the remedy was required to be invoked by complaint and summons.

In 1915 the former section was amended to substantially its present form. It abolishes writs of mandate (they had already been abolished) in the circuit and superior courts and substitutes therefor "actions for mandate" commenced by complaint and summons but it restores to the Supreme Court "writs of mandate . . ." The pertinent portions of the section (§ 3-2201, Burns' 1933, § 1090, Baldwin's 1934) now read:

> "Writs of mandate in the circuit, superior, courts of this state are hereby abolished, and the causes of action heretofore remedied by means of such writs shall hereafter exist and be remedied by means of complaint and summons in the name of the state on relation of the party in interest, in the circuit, superior, courts of this state, as other civil actions, and be known as *actions for mandate.* Writs of mandate and prohibition may issue out of the Supreme and Appellate Courts of this state in aid of the appellate powers and functions of said courts respectively. Such writs of mandate may issue out of the Supreme Court to the circuit, superior, criminal, probate, juvenile or municipal courts of this state, respectively, compelling the performance of any duty enjoined by law upon such . . . courts, respectively, . . . ; and also writs of prohibition may issue out of the Supreme Court to such circuit, superior, criminal, probate, juvenile or municipal courts, respectively, to restrain and confine such . . . courts, respectively, to their respective, lawful jurisdiction." (Our italics.)

No change was made in the other section which now reads as it did after the 1911 amendment, as follows:

> "The action for mandate may be prosecuted against any inferior tribunal, corporation, public

or corporate officer or person to compel the performance of any act which the law specifically enjoins, or any duty resulting from any office, trust or station."

The Legislature thus has distinguished between "writs of mandate" and "actions for mandate" and has limited the scope of § 3-2202 to actions begun in one of the *nisi prius* courts mentioned in § 3-2201, which, therefore, is the sole statutory source of our jurisdiction.

The legislative history above set forth seems not to have been considered in other cases reaching the same conclusion, among which are *State ex rel., v. Cameron, Judge* (1932), 203 Ind. 526, 181 N. E. 160; *State ex rel. v. Chambers, Judge* (1932), 203 Ind. 523, 181 N. E. 282; *State ex rel. Castle v. Cameron, Judge* (1936), 210 Ind. 599, 4 N. E. (2d) 533.

Petitioners say that they are without remedy if their petition be denied. We think otherwise. The Appellate Court in its opinion upon the merits may include its reasons for denying the motion to dismiss. In such event, should appellant prevail, appellees, by an ordinary petition to transfer, may have reviewed by this court not only the opinion upon the merits but also the ruling upon the motion to dismiss. If the Appellate Court should decide against appellees upon the merits, saying nothing in its opinion about the motion to dismiss, its ruling thereon still may be reviewed under the procedure outlined on pages 113 and 114 of the opinion in the *Warren* case. Under § 6-2001, Burns' 1933, *supra*, the filing of an appeal bond is jurisdictional. *In re Singler, Guardian, etc.* (1937), 104 Ind. App. 415, 10 N. E. (2d) 409; *McIntosh v. Lochamier's Estate* (1937), 104 Ind. App. 149, 10 N. E. (2d) 445, and cases therein cited. If the Appellate Court has no

jurisdiction, its decision upon the merits may be set aside upon proper showing in this court.

The petition is denied.

NOTE.—Reported in 45 N. E. (2d) 206.