STATE EX REL. ACKER ET AL. *v.* REEVES, JUDGE, ET AL.

[No. 28,741.  Filed January 8, 1951.]

*Theodore Lockyear, Wilbur F. Dassel* and *William P. Foreman,* all of Evansville, for relators.

*Milford M. Miller, Robert J. Hayes, R. Vance Hartke, William T. Fitzgerald* and *W. D. Hardy,* all of Evansville, for respondents.

GILKISON, J.—Relators have filed in this court an original action asking that a writ of prohibition and a writ of manadate be issued against the respondents, Reeves, as Judge of the Vanderburgh Circuit Court and the Vanderburgh Circuit Court. A temporary writ of prohibition and an alternate writ of mandate was duly issued and served upon respondents to which respondents have filed their response.

In their petition relators aver in substance that at the general election held in Indiana on November 7, 1950, they were each a candidate for State Representative from Vanderburgh County. That there were three State Representatives to be elected from the county at that election. That each relator was duly

elected to said respective offices and each was duly declared elected by the County Board of Canvassers and duly certified as such. That on November 22, 1950, Edward Crabtree, John E. Early, Leo A. Meagher, Val A. Dietsch, Verone Marie Rieber, Edward H. Kinkle and James H. Meyer filed with respondents their petition and complaint in two paragraphs respectively; in paragraph one asking for a recount of the votes cast in said election for said offices; and in paragraph two to contest the election for said offices and others. On November 27, 1950 a special appearance was entered for relators by Theodore Lockyear, attorney, for the purpose of filing a plea in abatement and a motion to dismiss.

Thereafter, considerable record was made by respondents in said matter, culminating on December 4, 1950, in the appointment of recount commissioners, and an order that the recount begin on December 11, 1950.

The petition avers that the respondents are without jurisdiction of the subject matter of the action. That in ordering a recount of the ballots for said offices, respondents have exceeded their lawful jurisdiction, and that they will continue to act beyond their jurisdiction unless prohibited from so doing by this court.

Ten different reasons why respondents are without jurisdiction in the matter are set forth in relators' petition. We shall give special consideration to the first, which in substance is, that Art. 4, § 10 of the Indiana Constitution provides that the House of Representatives has sole and exclusive jurisdiction to judge the election, qualifications and returns of its own members.

In other decisions we have rather frequently called attention that under our Constitution this court has

"such original jurisdiction as the General Assembly may confer." Art. 7, § 4. The General Assembly has made it a duty of this court, upon proper petition filed, to issue writs of mandate "to the circuit, superior, criminal, probate, juvenile or municipal courts of this state, respectively, compelling the performance of any duty enjoined by law" upon them. The General Assembly has also made it our duty to issue writs of prohibition to such courts "to restrain and confine" them "to their respective, lawful jurisdiction." Sec. 3-2201, Burns' 1946 Replacement.

With respect to contesting the election of a member of the General Assembly the Indiana Constitution provides as follows:

> "Each House, when assembled, shall . . .; judge the elections, qualifications, and returns of its own members; . . ." Art. 4, § 10 Indiana Constitution.

Art. 1, § 5 United States Constitution is a similar provision for members of the Congress.

In the light of these constitutional provisions this court, speaking by Shake, J. in *Lucas* v. *McAfee* (1940), 217 Ind. 534, 539, 542, 29 N. E. 2d 403, 29 N. E. 2d 588, among other things, said:

> "The right of legislative bodies to judge the elections, qualifications, and returns of their own members is of ancient origin. The history of the doctrine reveals that it was established in the constitutional law of England in the year of 1586, during the reign of Queen Elizabeth . . ."
>
> "Provisions guaranteeing this right are to be found in the federal Constitution and in the organic law of every state in the Union in language substantially if not identically like that employed in ours. . . . The right is deemed essential to the enactment of legislation without interruption and confusion and to maintain a proper bal-

ance of authority where the functions of government are divided between coordinate branches. It is no more subject to judicial interference or control than the judicial functions of this court are subject to the dictates of the legislative or executive departments. The Constitution has defined a domain upon which courts may not tread. *Dinan* v. *Swig* (1916), 223 Mass. 516, 112 N. E. 91."

The above quotation correctly states the deference which all the courts of the state must have for the constitutional provision quoted. See Anno. III, State Legislature, 107 A. L. R. 209.

Respondents assert that they assumed jurisdiction in the cases because of the authority granted by Article 27 of the Indiana Election Code, being §§ 324 to 340 inclusive thereof, Acts 1945, Ch. 208, the sections noted beginning on page 883, Vol. 1 of such Acts. Sections 324 and 325 of this act seem to be an effort on the part of the legislature to grant a right to a recount of the votes for a legislative office. However, the Constitution is the fundamental law of the state. As heretofore noted it expressly grants jurisdiction in this matter with respect to its own members to each house of the General Assembly when assembled. It thereby effectively excludes jurisdiction from the courts. The Constitution is the supreme law that effectively controls legislatures, congresses, executives, courts and the people. In the respondent court defeated candidates for legislative offices sought to have the court determine the election, qualifications and returns of these offices. As this court has heretofore said: "As to these particular officers, the specific terms of the Constitution transcend the statutes and deprive the courts of jurisdiction of the subject-matter." *Lucas* v. *McAfee* (1940), 217 Ind. 534, 540, *supra*. To the extent the statute in question

131

seeks to grant this power to the courts, it is necessarily unconstitutional and void.

The temporary writ of prohibition heretofore issued herein is hereby made permanent, and the alternative writ of mandate heretofore issued herein is made absolute and respondents are ordered to expunge from the records of the Vanderburgh Circuit Court all orders made in cause No. 4626 thereof entitled "Edward C. Crabtree et al., plaintiffs v. Paul B. Wever et al., defendants" as relate to each of these relators, Walter Acker, William M. Cockrum and Edward C. Macer.

NOTE.—Reported in 95 N. E. 2d 838.