STATE EX REL. BEAMAN *v.* CIRCUIT COURT OF
PIKE COUNTY ET AL.

STATE EX REL. BEAMAN *v.* CIRCUIT COURT OF
GIBSON COUNTY ET AL.

[Nos. 28,742 and 28,743. Filed February 14, 1951.]

*Frank A. Symmes* and *Earle A. Kightlinger*, both of Indianapolis; *Edward L. Waddle* and *George N. Hornbrook*, both of Petersburg; *Mark P. Lockwood* and *Gerald E. Hall*, both of Princeton; and *Ewing Emison*, of Vincennes, for relator.

*S. Hugh Dillin*, of Petersburg, *Leo J. Stemle*, of Jasper, and *Loren McGregor*, of Princeton, for respondents.

BOBBITT, C. J.—These cases, involving identical questions, were consolidated for briefing and are so treated in this opinion. They arise under Art. 27, §§ 324 to 340 inclusive, of ch. 208, of the Acts of 1945, and being §§ 29-5401 to 29-5417, Burns' 1949 Replacement.

Relator and Charles C. Killion, petitioner below, were opposing candidates for the office of Joint State Senator from the senatorial district of Pike and Gibson Counties at the General Election held on November 7, 1950, and the only candidates therefor. Relator received a total of 11,090 votes and the said Killion received 11,026 votes. Relator Beaman was declared elected and a certificate of election was issued to him. Petitioner Killion subsequently, and within the time allowed by statute, filed a petition for recount under the provisions of said Art. 27, *supra*, in the Gibson and Pike County Circuit Courts. Recount commissioners were appointed by the judges of both courts and ordered to meet and assume their duties at a time fixed by each court. Relator then filed these actions in this court praying that a writ of mandate and prohibition issue to restrain further action

by the Pike and Gibson Circuit Courts in said recount proceedings.

While other questions are presented in the briefs only three need here be considered.

*First:* Respondents contend that this Court is without jurisdiction to issue a writ of mandate or prohibition herein because respondents' actions under said Art. 27 are ministerial.

This Court has only such original jurisdiction as the Legislature has or may hereafter confer upon it. § 4, Art. 7, Indiana Constitution; *Spence* v. *State* (1943), 221 Ind. 474, 48 N. E. 2d 459. The Legislature has provided that:

".... Writs of mandate and prohibition may issue out of the Supreme and Appellate Courts of this state in aid of the appellate powers and functions of said courts respectively. Such writs of mandate may issue out of the Supreme Court to the circuit, ... courts of this state, respectively, compelling the performance of any duty enjoined by law upon such circuit, ... courts, ...; and also writs of prohibition may issue out of the Supreme Court to such circuit, ... courts, respectively, to restrain and confine such circuit, ... courts, respectively, to their respective, lawful jurisdiction." § 3-2201, Burns' 1946 Replacement.

This Court has recently held that Art. 27 of ch. 208 of the Acts of 1945 is unconstitutional to the extent that it seeks to grant to the courts the power to determine the election, qualifications and returns of members of the Legislature. *State ex rel. Acker* v. *Reeves* (1951), 229 Ind. 126, 95 N. E. 2d 838. An unconstitutional act is void *ab initio* and Art. 27, *supra,* in so far as it applies to members of the General Assembly was inoperative from the time of its passage. *Strong* v. *Daniel* (1854), 5 Ind. 348, 349; *Oolitic Stone*

*Co.* v. *Ridge* (1910), 174 Ind. 558, 574, 91 N. E. 944; *Tucker* v. *State* (1941), 218 Ind. 614, 35 N. E. 2d 270.

Since the Act under which respondents have attempted to proceed is unconstitutional and void it confers no jurisdiction upon any court, either for the performance of judicial or ministerial acts.

It must then follow that respondents in proceeding with a recount of the votes in these cases, by the appointment of Recount Commissioners and other acts, have gone outside of and exceeded their lawful jurisdiction. This being true this Court then has jurisdiction under the authority granted it by the Legislature to issue a writ of mandate and prohibition herein. Cf. —*State ex rel. Hovey* v. *Noble* (1889), 118 Ind. 350, 21 N. E. 244, 4 L. R. A. 101; 50 C. J., Prohibition, § 29, p. 670.

*Second:* Respondents further contend that a recount of votes under Art. 27, *supra,* is not an adjudication of the election or rights to an office but is only a proceeding in discovery. Sections 29-5401 to 29-5417, Burns' 1949 Replacement, set up a special statutory proceeding for the recount of the votes cast at any election held in Indiana. § 29-5414, which is a re-enactment of § 14, ch. 122 of the Acts of 1941, provides as follows:

> ". . . When such recount is completed by the commission it shall make and sign its certificate showing the total number of votes received in such precinct or precincts by each candidate for such office or offices and state therein who received the highest number of votes in such precinct or precincts for such office or offices and by what plurality, and shall file the same with the clerk of the circuit court. The clerk shall enter such certificates in the order-book of such court. *Such recount certificates shall supersede for all purposes all previous returns* made in any form of the votes thus

recounted; and certified copies of such recount certificates shall be prima facie evidence of the votes cast for such office or offices in such precinct or precincts in any contest or other proceeding in which there is an issue as to the votes cast at such election for such office or offices." (Our italics)

It will be observed that the above section provides that a recount certificate shall supersede for all purposes all previous returns and shall be prima facie evidence of the votes cast for a particular office in any contest or other proceeding. Section 29-5415 provides that the clerk of the Circuit Court shall, if the recount shows a result different from that returned by the County Canvassing Board, certify the same to the Secretary of State and the Secretary of State shall correct his records accordingly and "the candidate shown by such corrected tabulation to have received the highest number of votes for such office shall be entitled to a certificate of election or commission for such office notwithstanding one may have been issued upon a previous tabulation of the total votes cast for such office."

Numerous situations might arise, as in these cases, where no contest proceedings have been filed. In such cases if a recount of the votes cast for a member of the Legislature was completed under Art. 27 of the Indiana Election Code, and the candidate who received a certificate of election based on the results of the County Canvassing Board, received a lesser number of votes on the recount than his opponent, then the commission issued on the certificate of the County Canvassing Board would no longer be effective and the new commission, issued on the certificate of the recount commission, would supersede the former and vest the candidate receiving the commission on the

certificate of the recount commission with prima facie title to the office.

If the provisions of the foregoing sections are applied to the election of a member of the Legislature and a new commission should be issued upon the certificate of the recount commission, and the losing party in the recount should take no further legal steps to determine the title to the office, the result would be a determination by the Circuit Court of the returns of an election of a member of the Legislature.

This Court, in construing § 14 of ch. 122 of the Acts of 1941, which is identical with § 29-5414, Burns' 1949 Replacement, in the case of *State ex rel. Watson* v. *Pigg, Judge* (1943), 221 Ind. 23, 34, 46 N. E. 2d 232, 236, said:

> "The last commission, as between the rival candidates at the election, is conclusive of the right of the holder thereof to the possession of the office until otherwise determined by judicial review which may or may not be necessary."

In light of the foregoing if the effect of said Art. 27 is not an adjudication of the election and returns of members of the Legislature it approaches so near thereto that it may interfere with the constitutional right of each house of the Legislature to judge the elections and returns of its members.

In view of the potential results which may obtain under the provisions of Art. 27, *supra,* we believe that its effect is more than a mere procedure for the discovery of evidence.

*Third:* Relator contends that Art. 27, ch. 208, § 337, of the Acts of 1945, is unconstitutional because it is in conflict with § 10, Art. 4, of the Indiana Constitution. Said § 10 provides:

". . . Each House, when assembled, shall choose its own officers, the President of the Senate excepted; judge the elections, qualifications, *and returns* of its own members . . .". (Our italics)

The separation of powers, legislative, executive and judicial, was the thing uppermost in the minds of our forefathers who built not only our early colonial government but laid the foundation of our Federal Constitution in the continental Congress. This Court has, since its beginning, jealously guarded this sacred heritage. As was stated in *Lucas* v. *McAfee* (1940), 217 Ind. 534, 539, 29 N. E. 2d 403, 405:

"The right of legislative bodies to judge the elections, qualifications, and returns of their own members is of ancient origin. The history of the doctrine reveals that it was established in the constitutional law of England in the year 1586, during the reign of Queen Elizabeth."

The same question as here presented was before this Court in *State ex rel. Acker* v. *Reeves, supra,* wherein a recount of the votes cast in the election of a member of the Indiana House of Representatives was attempted. In that case it was held that, "To the extent the statute in question seeks to grant this power to the courts, it is necessarily unconstitutional and void." The result of an attempt to recount the votes cast for State Senator under the same statute as that involved in the Acker case, must be the same as for members of the House of Representatives. To the extent that Art. 27, *supra,* purports to grant to the courts the power to determine the election, qualifications and returns of members of the Legislature it is unconstitutional and of no force and effect.

The temporary writs of prohibition heretofore issued herein are hereby made permanent, and the alternative

writs of mandate heretofore issued herein are made absolute and respondents Lester Nixon, as Judge of the Circuit Court of Pike County, Indiana, and A. Dale Eby, as Judge of the Circuit Court of Gibson County, Indiana, are ordered to expunge from the records of their respective courts all orders made in cause No. 1991 thereof entitled "Charles C. Killion v. Edwin W. Beaman" and cause No. 8203 thereof entitled "Charles C. Killion v. Edwin W. Beaman" as relate to this relator.

NOTE.—Reported in 96 N. E. 2d 671.