STATE EX REL. NEW YORK CENTRAL RAILROAD COMPANY
ET AL. *v.* STARKE CIRCUIT COURT, LARAMORE,
JUDGE, ETC. ET AL.

[No. 28,859. Filed November 26, 1952.]

L. L. Bomberger, Crumpacker & Friedrich, and Joseph L. Skozen, all of Hammond; Alfred J. Link, Frederick H. Link, Kenneth D. Osborn, John B. Dilworth, R. J. Salek, H. A. DeMyer, and Arthur I. Raelson, all of LaPorte; Farabaugh, Pettengill, Chapleau & Roper, Crumpacker, May, Beamer, Levy & Searer, all of South Bend; Oscar B. Smith, of Knox; Albert H. Cole, of Peru; Mox Ruge, of Chesterton; and J. Arden Rearick, of Lafayette, for petitioners.

Paul E. Reed, of Knox, for respondents.

J. Emmett McManamon, Attorney General; Fred A. Wiecking, Nicholas W. Sufana, and Obed T. Kilgore, Deputy Attorneys General, for Amicus Curiae.

JASPER, J.—This is an original action brought by relators for a writ of prohibition.

Relators contend that the eight circuit courts, the respondents, jointly and severally, are without jurisdiction to hear and determine the establishment of the "Kankakee Valley Conservancy District," in which a part or all of the counties of the eight circuit courts are located.

A petition was filed in the Starke Circuit Court for the establishment of the "Kankakee Valley Conservancy District," in compliance with Chapter 239 of the Acts of 1947 (Acts 1947, p. 902) as amended by Chapter 218 of the Acts of 1949 (Acts 1949, p. 705), which act is

known as the "Conservancy Act of Indiana" (§§27-1201-27-1283, Burns' 1948 Replacement).

The Starke Circuit Court determined that the petition was sufficient. On or about the 15th day of June, 1951, the Judge of the Starke Circuit Court notified, by letter, the Judges of the other Circuit Courts of the action taken on such petition, and that August 10, 1951, had been fixed as the date for the Judges to meet and organize as a court, and be prepared to receive and act upon objections to the petition and the prayer thereof. The petitioners herein, on the 10th day of August, 1951, filed their objections.

The first question to be determined is, did the Legislature create a new court where more than one ■ county is involved in a proposed conservancy district?

Section 27-1202, Burns' 1948 Replacement, provides in part:

"The following words and phrases as used in this act, unless a different meaning is plainly required by the context, shall have the following meanings: . . .

" 'Court' shall mean the court, as organized under the terms of this act, wherein the petition for the organization of the district was filed and heard."

Section 27-1206, Burns' 1948 Replacement, provides:

"Upon the determination of the judge of the court in which any such petition shall have been filed that the petition is sufficient, he shall cause notice thereof to be given to the judge of the circuit court, serving each county included in whole or in part within the proposed conservancy district. Thereafter the judges of each such circuit court shall sit together as a trial court to determine whether or not the conservancy district prayed for in such petition shall be established. In case of the

inability to serve of the judge of any circuit, the chief justice of the Supreme Court, upon application of any interested person and proper showing of need, shall assign a judge of any superior court from a county located within such circuit. However, if there is no such superior court, the judge or judges hearing the petition shall represent such circuit.

"The court thus established shall have power and authority to establish conservancy districts when the conditions stated in section 4 [27-1204] of this act are found to exist. *Except as otherwise hereinafter provided, such court shall have for all purposes of this act, original and exclusive jurisdiction coextensive with the boundaries and limits of the district or proposed district and of the lands and other property included in, or proposed to be included in, such district or affected by such district,* without regard to the usual limits of its jurisdiction, and the issues involved in such petition shall be tried and the decision of the court thereon shall be subject to appeal as in other civil causes. Each judge when sitting as a member of the court shall receive his usual salary and eight cents [8c] per mile for travel from his own court to the place of trial, but no per diem. The mileage shall be taxed as cost in the cause being tried. (Emphasis supplied.)

"The court shall adopt rules of practice and procedure not inconsistent with the provisions of this act and the general laws of the state. In case the court consists of more than three [3] judges, it may designate three [3] of its members from three [3] different circuits to preside over the court, hear matters coming before the court, and make determinations and decisions or findings and recommendations, as the rules of the court provide, with respect to any matters authorized by such rules, the disposition of which is vested in the court, except the making of final decisions and orders as to: (1) the establishment, dissolution or merger of the district or of subdistricts thereof; (2) the adoption, rejection or amendment of the official plan; (3) the appointment and removal of directors and appraisers; (4) the confirmation of

the appraisers' report of benefits, damages, and appraisals of property; (5) the authorization of maintenance assessments in excess of one [1] per cent of benefits; (6) the authorization of a readjustment of the appraisal of benefits in accordance with section 55 [§27-1255] of this act; (7) the approval of the method of financing improvements and activities under section 28 [§27-1228]; (8) the determination of rates of compensation for water under section 27 [§27-1227] and section 61 [§27-1261]; and (9) the examination of the annual report of the board of directors as provided under section 64 [§27-1264]. The concurrence of two [2] of the three [3] judges so designated shall be necessary for any action or determination thereby and it shall have, if so provided by the rules of the court, the same force and effect as though taken or made by the full court. All actions and determinations by the full court shall require the affirmative vote of a majority of the judges constituting the court. In all cases in which the judges are evenly divided that side with which the presiding judge votes shall prevail, except that in the event the court consists of two [2] judges and they find themselves unable to agree on any question left to their decision, a judge of the circuit or superior court of some other county shall be designated by the chief justice of the Supreme Court of the state to sit and vote as a third member of the court until such question is decided."

Section 1, Article 7, of the Constitution of Indiana, provides:

"The judicial power of the State shall be vested in a Supreme Court, in Circuit Courts and such other courts as the General Assembly may establish."

The Constitution gives the Legislature the right to create "such other courts as the General Assembly may establish."[1]

---

[1] For court hearing claims against the State of Indiana, see §4-1501, Burns' 1946 Replacement, wherein it is provided that all

The Legislature, by Chapter 239 of the Acts of 1947, did create a new court, for the purpose of the act, where more than one county is involved in a conservancy district.

In the case at bar, the court created under the act consists of the judges of the eight circuit courts of the counties involved, and, by statute, the Legislature vested original and exclusive jurisdiction in the court coextensive with the boundaries and limits of the proposed district.[2] Section 27-1206, Burns' 1948 Replacement.

Having decided that a new court was created herein, we must next consider whether or not the Supreme Court of Indiana has jurisdiction to issue a writ of prohibition directed to a conservancy court as established under Chapter 239 of the Acts of 1947 or to the individual judges making up the new court. Section 4 of Article 7 of the Constitution of Indiana provides:

"The Supreme Court shall have jurisdiction, coextensive with the limits of the State, in appeals and writs of error, under such regulations and restrictions as may be prescribed by law. It shall also have such original jurisdiction as the General Assembly may confer."

The General Assembly, in compliance with the last-cited section of the Constitution, conferred original

---

Judges of the Superior Court of Marion County sit together to hear such claims.

[2] Section 6 of Chapter 239 of the Acts of 1947 differs from the Conservancy Act of Ohio (§6828-5, Page's Ohio General Code Annotated, Vol. 5, page 123), in that jurisdiction under the Ohio act remains in the Common Pleas Court of the county in which the petition was filed; and where more than one county is involved in the Conservancy District, all Common Pleas Judges of the counties involved make up the Common Pleas Court of the county in which the petition was filed.

jurisdiction to issue writs of prohibition and mandate upon this court, as provided under §3-2201, Burns' 1946 Replacement, which provides as follows:

"Writs of mandate in the circuit, superior, courts of this state are hereby abolished, and the causes of action heretofore remedied by means of such writs shall hereafter exist and be remedied by means of complaint and summons in the name of the state on relation of the party in interest, in the circuit, superior, courts of this state, as other civil actions, and be known as actions for mandate. Writs of mandate and prohibition may issue out of the Supreme and Appellate Courts of this state in aid of the appellate powers and functions of said courts respectively. Such writs of mandate may issue out of the Supreme Court to the circuit, superior, criminal, probate, juvenile or municipal courts of this state, respectively, compelling the performance of any duty enjoined by law upon such circuit, superior, criminal, probate, juvenile or municipal courts, respectively, including the granting of changes of venue from the county in cases where such change of venue is allowed by law, timely, proper and sufficient motion and affidavit have been filed therefor, and such change of venue has been refused; and also writs of prohibition may issue out of the Supreme Court to such circuit, superior, criminal, probate, juvenile or municipal courts, respectively, to restrain and confine such circuit, superior, criminal, probate, juvenile or municipal courts, respectively, to their respective, lawful jurisdiction."

This court has jurisdiction only to confine to their jurisdiction the courts enumerated in §3-2201, Burns' 1946 Replacement, and no others. *State ex rel. Castle* v. *Cameron, Judge* (1936), 210 Ind. 599, 4 N. E. 2d 533; *State, ex rel.,* v. *Chambers, Judge* (1932), 203 Ind. 523, 181 N. E. 282; *State ex rel. Gillette* v. *Niblack, Judge* (1944), 222 Ind. 290, 53 N. E. 2d 542; *State ex rel. Seaton* v. *Industrial Board* (1944),

222 Ind. 526, 54 N. E. 2d 944; *State ex rel. Beaman* v. *C. Ct. Pike Co.; Gibson Co.* (1951), 229 Ind. 190, 96 N. E. 2d 671; *Spence* v. *State* (1943), 221 Ind. 474, 48 N. E. 2d 459.

It is well settled that this court has no jurisdiction in original actions over individuals, except as provided in §3-2202, Burns' 1946 Replacement, which statute is not here involved. The Legislature did not see fit to amend §3-2201, Burns' 1946 Replacement, to give this court jurisdiction over conservancy courts as created by Chapter 239 of the Acts of 1947. Therefore we have no authority to issue a writ of prohibition or mandate to either prohibit or mandate such a court. This court does have inherent jurisdiction to issue writs of prohibition and mandate in aid of its appellate jurisdiction, but that is not involved in the case at bar. The jurisdiction of this court to issue writs of prohibition and mandate is limited by the Constitution and by legislative enactment. Until such time as the Legislature gives to this court jurisdiction to issue such writs against newly created courts, we cannot, as they say, save relators "the trouble, expense and delay of a trial. . . ."

The temporary writ of prohibition heretofore issued is dissolved, and a permanent writ of prohibition is denied.

NOTE.—Reported in 108 N. E. 2d 708.