CAPITOL INDEMNITY INSURANCE COMPANY *v.* STATE
OF INDIANA, ET AL.

[No. 18,769.   Filed May 31, 1956.]

*Stump & Emswiller,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, *Owen S. Boling,*
and *George L. Diven,* Deputy Attorneys General, for
appellee.

PFAFF, P. J.—Two separate criminal cases were filed
against the appellee, George Edward Payne. He filed a
recognizance bond in each case with the appellant as
surety thereon. When he failed to appear on the trial
dates, the court, in each case, following the procedure
prescribed by Burns' Indiana Stat., §9-722, 1942 Repl.,
entered an order declaring the bonds forfeited and
ordering the Clerk to notify appellant of the forfeitures.
Following the mailing of notices and the failure of

appellant to produce the defendant, the court entered judgment in each case against appellant in the amount of the bond. The appeals from each judgment were consolidated by order of the court.

The only argument made by appellant is that the statute, Burns' Indiana Stat., §9-722, 1942 Repl. violates certain sections of Articles 1 and 3 of the Constitution of Indiana and Amendment 14 to the Constitution of the United States.

Burns' Indiana Stat., §9-722, 1942 Repl., provides for an appeal to the "Appellate Court" as in other civil cases. However, a reference to the Acts of the General Assembly for 1927, Ch. 132, p. 411, discloses that the quoted words should not have been capitalized. They refer merely to the appropriate appellate tribunal.

All appeals should be taken directly to the Supreme Court where there is in question, and such question is duly presented, the constitutionality of a statute or the rights guaranteed by the State or Federal constitutions. Burns' Indiana Stat., §4-214, 1946 Repl.

These appeals have been erroneously filed in the Appellate Court of Indiana. Under the authority of the Acts of the General Assembly of 1901, Ch. 247, §13, p. 565, being Burns' Indiana Stat., §4-217, 1946 Repl., and under Rule 2-41 of the Supreme Court, these appeals are ordered transferred to the Supreme Court of Indiana.

NOTE.—Reported in 134 N. E. 2d 822.