BOARD OF TRUSTEES OF THE POLICE PENSION FUND OF THE CITY OF TERRE HAUTE, INDIANA, ET AL. *v.* STATE OF INDIANA EX REL. RUSSELL.

[No. 20,440. Filed October 14, 1965.]

*Mann, Mann, Chaney, Johnson & Hicks,* of Terre Haute, for appellants.

*N. George Nasser,* of Terre Haute, for appellees.

BIERLY, C. J.—Appellee, State of Indana on Relation of Carl M. Russell, filed on September 27, 1965, an instrument in this cause challenging the jurisdiction of this Court to entertain this appeal. Said instrument was designated as *"Special Appearance and Motion to Dismiss or in the Alternative to Affirm the Trial Court's Decision."*

Appellee in said verified motion asserted that the Appellate Court is devoid of jurisdiction of both the subject matter and the person of the appellee inasmuch as the attempted appeal is predicated on a complaint for mandate; that according to Acts 1963, ch. 279, §1, p. 424, being §4-214, Burns' 1965 Cum.

Supp., it is specified that in appealable cases certain designated classes shall be taken directly to the Indiana Supreme Court; that among these is Class "Fourth" reading as follows: "Cases of Mandate and prohibition and actions or proceedings in quo warranto."

Relying on the above cited statute, appellee seeks dismissal of said appeal or in the alternative the affirmance of the decision of the trial court. Acknowledgment by receipt of a copy of the special appearance and motion to dismiss was made by appellants.

Appellants on September 30, 1965, filed a "Brief in Opposition to Appellee's Motion to Dismiss or Affirm Trial Court". Appellee receipted appellants as having a copy of said brief delivered.

Appellants in their brief confessed their error in having filed this appeal in the wrong court and admitted that the complaint below was a suit for mandatory relief.

Appellants further contended in their brief that the relief sought by appellee was the wrong remedy and cited the Acts of 1901, ch. 247, §13, p. 565 being §4-217 Burns' 1946 Replacement which reads as follows:

"Appeal taken to wrong Court—Transfer.—If any case is erroneously appealed to the wrong court, that court shall make an order for its transfer to the proper court; and the appeal shall stand as if originally filed in the right court."

Appellants cited the case of *Northern Ind. Pub. Serv. Co.* v. *Darling et al.* (1958), 128 Ind. App. 456, 149 N. E. 2d 702 and *Capitol Indemnity Ins. Co.* v. *State, et al.* (1956), 126 Ind. App. 535, 134

N. E. 2d 822 in support of their position that the case at bar should be transferred to the Supreme Court.

The case of *Northern Ind. Pub. Serv. Co.* v. *Darling et al., supra,* involved a condemnation proceeding brought by appellant for the appropriation of a right of way for gas lines across real estate of appellees, and hence the appeal lies solely to the Supreme Court. In the second case of *Capitol Indemnity Ins. Co.* v. *State, et al., supra,* this Court held that the question, duly presented, of the constitutionality of a statute, or the rights guaranteed by the state or Federal constitution must be resolved in the Supreme Court.

This Court must take note of its jurisdiction or the lack of the same, regardless whether or not the question is raised by the parties. *Catherwood* v. *McIntyre* (1934), 99 Ind. App. 220, 192 N. E. 109. It has been further held that should this Court lack jurisdiction and render a decision on the merits, the Supreme Court may set aside the decision. *State ex rel Miller* v. *Appellate Court* (1942), 220 Ind. 538, 542, 45 N. E. 2d 206.

In a recent case decided in this Court in *Crowe* v. *Crowe* (1965), 137 Ind. App. 225, 207 N. E. 2d 220, it was held that even though neither party raised the question of jurisdiction to entertain the appeal, exclusive jurisdiction of the appeal lay in the Supreme Court predicated on the "Fifteenth" clause of Section 4-214 Burns' Cum. Supp., which reads as follows:

> "All appeals from judgments in which an award is made concerning the permanent care and custody of a minor child or minor children" shall be taken directly to the Supreme Court of Indiana.

The appeal was transferred to the Supreme Court.

We are of the opinion that appellee's position charging this Court with a lack of jurisdiction to hear this appeal is well taken. In the case at bar the action before the trial court was a complaint for mandate, and as set forth in Burns' 4-214 and above quoted, this Court has no alternative but to rule in compliance thereto.

We are of the opinion that appellee's motion to dismiss this appeal should be denied.

We are further of the opinion that inasmuch as this appeal was filed in the wrong Court, by the authority granted by the Acts of the General Assembly of 1901, ch. 247, §13, p. 565, the same being §4-217 Burns' 1946 Replacement, and in compliance with Rule 2-41 of the Supreme Court, this cause should be transferred to the Supreme Court of Indiana.

Appellee's motion to dismiss denied.

This cause of action and the appeal therein ordered transferred to the Supreme Court of Indiana.

Prime, P. J., and Carson, Faulconer, Hunter, Mote, Smith and Wickens, JJ. concur.

NOTE.—Reported in 210 N. E. 2d 696.