STATE OF INDIANA ON THE RELATION OF THOMAS J. WHEELER
*v.* SHELBY CIRCUIT COURT, HONORABLE WESLEY W. RALIFF, JR.,
SPECIAL JUDGE OF THE SHELBY CIRCUIT COURT.

[No. 1276S447. Filed May 6, 1977.]

*James K. Wheeler,* of Indianapolis, *Ronald S. Lieber,* of Indianapolis, *Himelick, Himelick & Smith,* of Connersville, for relator.

*William M. Evans, Bose, McKinney & Evans,* of counsel, of Indianapolis, for respondent.

DEBRULER, J.—In the case before us, the respondent trial court granted a petition of Sheaffer to recount votes cast in Fayette County for the office of State Senator for District 42 and appointed a recount commission to carry out the recount. Relator Wheeler, the apparent winner of the election for that

office and opponent of Sheaffer, unsuccessfully sought dismissal in the trial court of the petition prior to the entry of such order, and thereafter upon his petition we granted a temporary writ of prohibition and alternative writ of mandate.

Relator contends that the trial court had no jurisdiction to order the recount and to appoint a recount commission to effectuate it, because the office for which the recount was requested was a legislative one, relying upon this Court's opinions in *State ex rel. Beaman* v. *Circuit Court of Pike County*, (1951) 229 Ind. 190, 96 N.E.2d 671; and *State ex rel. Acker* v. *Reeves*, (1951) 229 Ind. 126, 95 N.E.2d 838. Respondent on the other hand contends that jurisdiction was conferred upon it to make these orders by the recount statute, being Ind. Code § 3-1-27-1 to § 3-1-27-17 (Burns 1972), which provides that any candidate for any public office for which an election is held has the right to a recount of votes cast, and further provides for the appointment by trial courts of recount commissions to carry out such recounts.

Article 4, § 10, of the Indiana Constitution provides:

"Each House, when assembled, shall . . . judge the elections, qualifications, and returns of its own members. . . ."

In the *Beaman* and *Acker* cases cited above, this provision was held to operate directly upon courts of this state so as to deprive them of all jurisdiction to order recounts of votes cast for legislative offices or to appoint commissions to recount votes cast for legislative offices at an election. The Court based these holdings in large measure upon this Court's reasoning in *Lucas* v. *McAfee*, (1940) 217 Ind. 534, 29 N.E.2d 403, where this Court observed that the constitutional prerogative of legislatures to sit as courts upon the qualifications of their own members was of ancient origin and was further described as follows:

"The right is deemed essential to the enactment of legislation without interruption and confusion and to maintain a proper balance of authority where the functions of government are divided between coordinate branches. It is no more subject to judicial interference or control than the judicial functions of this court are subject to the dic-

tates of the legislative or executive departments." 217 Ind. at 539-40, 29 N.E.2d at 405.

Central to the view taken by the Court of this constitutional provision is the concept of separation of powers. This provision of the Constitution functions in two ways. It first assigns the governmental duty to judge qualifications to the Houses of the Legislature, and then second, ousts the judicial and executive branches from jurisdiction over the subject. The governmental authority thus parcelled out and protected rests solely and exclusively with each house. It cannot be shared. Upon these premises this Court concluded that in ordering a recount of votes cast for a legislative seat, a trial court had violated the constitutionally established structure of government by engaging in a process which is exclusively for the Legislature.

However, respondent court does not agree that the *Beaman* and *Acker* cases settle the jurisdictional issue in the case before us now. It points out that the present recount statute as amended in 1961 after those cases were decided, conforms to the requirements of Article 4, § 10, because the results of the recount no longer bind the Legislature in resolving a contest over a seat as had formerly been the case, but such results are presently forwarded to the Legislature only "for such action as that body may find appropriate." Ind. Code § 3-1-27-14. Under the recount statute effective at the time the *Beaman* and *Acker* cases were decided, the results of a recount were required in case of contest to be accepted as *"prima facie* evidence of the votes cast for such office. . . ." Ch. 208, § 337 [1945] Ind. Acts 888, by the legislative tribunal hearing the contest. Ch. 208, § 352 [1945] Ind. Acts 895. This alteration in the manner in which the Legislature uses the recount results does not take the court's act outside the scope of the constitutional prohibition. The distinction pointed out by the respondent is not germane to the constitutional issue presented, because the gravamen of the constitutional prohibition is not the binding effect of the court's action upon the Legislature, but the participation by the

court in a process solely reserved by the Constitution to the legislative branch.

The decision of the United States Supreme Court in *Roudebush* v. *Hartke*, (1972) 405 U.S. 15, 92 S.Ct. 804, 31 L.Ed.2d 1, is cited by respondents. In that case the Court held that a recount of votes cast in a general election ordered by an Indiana court was not an infringement upon the constitutional power of the United States Senate under Article 1, § 5, of the United States Constitution, which provides:

"Each House shall be the Judge of the Elections, Returns, and Qualifications of its own Members. . . ."

As noted by the Supreme Court in its opinion, it was dealing with a federal constitutional question, and the relationship between separate sovereign governments. Here we are faced with a state constitutional question, and the balance which must be maintained between coordinate branches of the same sovereign government. In light of this difference the reasoning of that opinion is insufficiently persuasive to convince us to overrule prior precedent of this Court.

Respondents also argue that we should find jurisdiction in the trial courts to order such recounts of legislative races because the Legislature has, by enacting the amendment of 1961 in the aftermath of the *Beaman* and *Acker* cases, expressed a willingness to have the courts provide it assistance through the recount procedure in resolving contests. This point is certainly persuasive from a practical point of view. However, Article 4, § 10, as part of the Indiana Constitution, "is the supreme law that effectively controls legislatures, congresses, executives, courts and the people." *State ex rel. Acker* v. *Reeves, supra.* As construed in its historical context, and in light of past pronouncements of this Court, this provision of our Constitution effectively prevents the courts of this State from engaging in cooperative efforts together with the Legislature to determine the correct outcome of elections for legislative offices under circumstances where a dispute has arisen in the aftermath of such elections between rival candidates.

The temporary writ of prohibition is hereby made permanent and the alternative writ of mandate is hereby made absolute.

Arterburn and Prentice, JJ., concur; Givan, C.J., dissents with opinion in which Hunter, J., concurs.

## DISSENTING OPINION

GIVAN, C.J.—I respectively dissent from the majority in this case. I would follow *State ex rel. Beaman* v. *Circuit Court of Pike County*, (1951) 229 Ind. 190, 96 N.E.2d 671 and *State ex rel. Acker* v. *Reeves*, (1951) 229 Ind. 126, 95 N.E.2d 838 and wholly agree with the general principle of separation of powers set out in those cases.

However I also agree with the respondent court in this case that since the ruling in *Beaman* and *Acker* the legislature amended the statute so that the results of a recount are forwarded to the legislature only "for such action as that body may find appropriate." IC 3-1-27-14.

All of this is clearly set out in the majority opinion. However the majority opinion also states:

> "This distinction pointed out by the respondent is not germane to the constitutional issue presented, because the gravamen of the constitutional prohibition is not the binding effect of the court's action upon the Legislature, but the participation by the court in a process solely reserved by the Constitution to the legislative branch."

I do not agree with the majority in this regard. A reasonable extension of such philosophy would be that the counting of the votes by the election boards in the initial election would be an invasion of the legislative prerogative and that the various legislative bodies should choose their members either without benefit of election or that all votes cast would be forwarded to them for official counting. I cannot espouse such a principle.

It is obvious that it has always been the legislative intent to consider the vote of the public as the primary requisite for attaining a seat in a legislative body. A recount is merely

an extension of this voting process and has been provided for by the legislature in an effort to assure the correctness of the vote count. This is in no way an invasion of the legislative prerogative for, as is clearly demonstrated in the majority opinion, neither the original vote nor the recount are absolutely binding on the legislative body. After the results of the voting have been tabulated and certified to the legislature, that body is then constitutionally free to pass upon the qualifications of the persons involved.

It seems that the legislature's intent is clear that they desire the election boards and courts to function in the manner set out in the statute. I would dissolve the temporary writ of prohibition and would permit the trial court to function under the statute.

Hunter, J., concurs.

NOTE.—Reported at 362 N.E.2d 477.