STATE OF INDIANA, ON THE RELATION OF THOMAS J. WHEELER *v.* SHELBY CIRCUIT COURT, HONORABLE WESLEY W. RATLIFF, JR. SPECIAL JUDGE.

[No. 1276S447. Filed November 29, 1977.]

*James K. Wheeler,* of Indianapolis, *Ronald S. Lieber,* of Indianapolis, *Himelick, Himelick & Smith,* of Connersville, for relator.

*William M. Evans, Bose, McKinney & Evans,* of counsel, of Indianapolis, for respondent.

GIVAN, C.J.—Petitioners (respondents) seek rehearing of our decision in *State ex rel. Wheeler* v. *Shelby Circuit Ct.,* (1977) 266 Ind. 296, 362 N.E.2d 477, in which this Court held that the recount provisions in IC 3-1-27 (Burns 1972) were unconstitutional insofar as they required the circuit court to order the recount and to appoint recount commissioners in recounts involving state legislative offices. We grant rehearing, reverse our prior judgment and dissolve the permanent writ of prohibition and alternative writ of mandamus.

Petitioners claim that the Shelby Circuit Court has jurisdiction to order a recount and to appoint recount commissioners pursuant to the provisions in IC 3-1-27. The statute provides that any candidate is entitled to a recount and vests

the responsibility of conducting that recount with the circuit court.

Respondents (relator) argue that this circuit court lacks jurisdiction because it unconstitutionally interferes with the legislature's right to determine the qualifications of its members as set forth in Article 4, Sec. 10 of the Indiana Constitution, which section reads in part as follows:

"Each House, when assembled, shall choose its own officers, the President of the Senate; judge the elections, qualifications, and returns of its own members. . . ."

Respondents rely upon several prior holdings of this Court which state that IC 3-1-27 violates Article 4, Sec. 10 of the Indiana Constitution. *State ex rel. Acker* v. *Reeves*, (1951) 229 Ind. 126, 95 N.E.2d 838; *State ex rel. Beaman* v. *Cir. Ct. of Pike Cty.*, (1951) 229 Ind. 190, 96 N.E.2d 671; *State ex rel. Batchelet* v. *DeKalb Cir. Ct.*, (1967) 248 Ind. 481, 229 N.E.2d 798.

*State ex rel. Beaman* v. *Cir. Ct. of Pike Cty.*, *supra*, involved an order of recount by the Court in the election of a state senator. The Court, citing *State ex rel. Acker* v. *Reeves*, *supra*, stated that Burns 29-5414 [IC 3-1-27-14] conferred no jurisdiction, either judicial or ministerial, upon the Court and was void as an unconstitutional impingement upon Article 4, Sec. 10 of the Indiana Constitution. The Court rejected an argument that the statute merely provided a proceeding rather than an adjudication of the election or the right to office. The Court interpreted the statute to mean that the recount supersedes any prior returns for all offices.

However as pointed out in the original majority opinion in this case, following the *Beaman* and *Acker* decisions the legislature altered the statute by removing a proviso that the results of the recount were required in cases to be accepted as "*prima facie* evidence of the votes cast for such office. . . ." In the original majority opinion this Court held however that the statutory alterations did not ". . . take the court's act outside the scope of the constitutional prohibi-

tion." We now hold however that the alteration of the statute following *Beaman* and *Acker* was accomplished by the legislature for the express purpose of permitting a court to participate in the recount process.

It appears to have always been the legislature's intent to consider the vote of the public as the primary requisite for attaining a seat in a legislative body. A recount is merely an extension of this voting process and has been provided for by the legislature in an effort to assure the correctness of the vote count. This is in no way an invasion of the legislative prerogative. Neither the original vote nor the recount are absolutely binding on the legislative body. After results of the voting have been tabulated and certified to the legislature, that body is then constitutionally free to pass upon the qualifications of the persons involved. We now hold that the legislature's intent is clear; that they desire the election boards and courts to function in the manner set out in the statute.

We therefore dissolve the temporary writ of prohibition. The trial court is now free to function under the statute.

Pivarnik and Hunter, JJ., concur; DeBruler, J. dissents with opinion in which Prentice, J., concurs.

### DISSENTING OPINION

DeBruler, J.—On the basis of the constitutional premises presented in my majority opinion in this same case appearing as *State ex rel. Wheeler* v. *Shelby Circuit Court,* (1977) 266 Ind. 296, 362 N.E.2d 477, and concurred in by Justices Prentice and Arterburn, I would not sustain this statute as consistent with the commands of Art. 4, § 10, of the Indiana Constitution. No new arguments or issues have been presented by respondents in their petition for rehearing which were not fully considered and forthrightly rejected by this Court in that opinion, and therefore this petition for rehearing should be denied. The majority opinion is unfortunate in that it

fails to follow the past case law of this Court in construing Art. 4, § 10.

At the time *State ex rel. Beaman* v. *Circuit Court of Pike County,* (1951) 229 Ind. 190, 96 N.E.2d 671, and *State ex rel. Acker* v. *Reeves,* (1951) 229 Ind. 126, 95 N.E.2d 838, were decided, the judgment of the trial court's recount commission, arrived at under superintendence of the trial court and declaring the winner of a disputed legislative seat through its computations, was required by statute to be accepted as "prima facie evidence of the votes cast for such office", Ch. 208, § 337 [1945] Ind. Acts 888, by the legislative tribunal hearing the contest. Such statute was found by this Court to authorize impermissibly a judicial impingement upon a legislative process reserved exclusively to the Legislature by Art. 4, § 10. Today, the same statute as amended declares that a like judgment of a trial court's recount commission shall be given such weight as the legislative tribunal "may find appropriate." Ind. Code § 3-1-27-14. Under this new amended version and the former *prima facie* version, the legislative tribunal could examine disputed ballots for itself and determine the intent of the voters thereof to be different from that intent determined by the commission, and could therefore arrive at a final conclusion contrary to the one arrived at by the commission. Under both versions the Legislature could in conducting its inquiry rely solely on the judgment of the trial court's commission, or in the alternative totally reject that judgment. Under both versions, the judgment of the trial court's commission enjoys the prestige and aura of respectability of the trial court itself. As the *Beaman* and *Acker* cases condemn the one statute as unconstitutional, they condemn both. The principle of *stare decisis* requires this conclusion.

The principle of *stare decisis* should be firmly adhered to here because past precedents have been infused with an added vigor in recent days through new constitutional and legislative developments. By constitutional amendment justices of this

Court and judges of the Courts of Appeal have been removed from partisan politics. The General Assembly by statute has done the same thing for trial judges in several counties. The message is clear: courts must be made as free as practicable from the sort of bias and favoritism that stems from partisan political involvement. Courts must be impartial and must maintain an image of impartiality. The seating of legislators is a highly political process and the involvement of courts in that process endangers a court's image of impartiality. The *Beaman* and *Acker* cases are in accord with this contemporary view of judicial life as they tend to lead the courts away from involvement in political turmoil.

For these additional reasons, the writ should be made permanent.

Prentice, J., concurs.

NOTE.—Reported at 369 N.E.2d 933.